EDWARD B. SMITH v. J. J. ALLEN ET AL.

A petition to intervene is filed simply upon leave of the court, and need not be verified by affidavit even in a suit for an injunction commenced by sworn petition. (Paschal's Dig., Note 548, p. 354.)

To entitle a party to intervene, his petition must show that his rights are involved in the cause, and that he is entitled to the relief which he asks; and his application for leave must be made in time to enable the original parties to meet and contest the issues raised by the intervention.

In a suit to enjoin the enforcement of a deed of trust made to secure the payment of promissory notes, to which suit the makers and payee of the

notes and the trustee were made defendants, it was proper to allow assignees of the notes to intervene.

When there is no statement of facts, and the pleadings in the cause laid a sufficient foundation for the judgment rendered by the court below, it must be presumed in this court that everything was proved at the trial below which was susceptible of proof under the pleadings, and that the judgment of the court below was sustained by evidence. (Paschal's Dig., Art. 1490, Note 582.)

That the court below, in dissolving an injunction restraining a trustee from selling the trust property, did not direct the trustee to proceed with the sale, is not error of which the plaintiff could complain, it being obvious that by the co-operation of the plaintiff with the trustee the sale could be effected as well without as with an order of sale by the court. (Paschal's Dig., Art. 3935, Note 927.)

That the court below, in dissolving an injunction and rendering judgment against the plaintiff and his sureties on his injunction bond, did not distinguish between the principal and the sureties, but rendered judgment *in solido* against them all, is not error of which the principal in the bond can complain. If there be error in such a judgment, the sureties are the parties to complain of it, not the principal, who is not affected by it. (Paschal's Dig., Art. 3935, Note 927.)

That the intervenors were not parties to the injunction bond, upon which judgment in their favor was rendered by the court below, is not error of which the principal in the bond can complain, when it is apparent that he was liable independent of the bond. As the sureties had not complained of the judgment nor sought its reversal, it must stand undisturbed. (Paschal's Dig., Art. 3935, Note 927.)

ERROR from Bexar. The case was tried before Hon. THOMAS J. DEVINE, one of the district judges.

This suit was commenced by E. B. Smith, the plaintiff in error, against James R. Sweet, who was the trustee, Stephen Minot and S. G. Ferrill, who were the makers of the notes and trust enjoined, and C. L. Pyron, the original payee of the notes and beneficiary of the trust. The character and leading facts of the case are stated in the opinion. The injunction bond was payable to the original defendants, and neither in it nor in the original petition was any notice taken of the intervenors, in whose favor judgment was rendered upon the bond. The pleadings of the defendants and intervenors alleged that Smith, at the time of

his purchase from Hancock, had notice of the trust upon the furniture, and assumed the payment of the notes for the security of which the trust was created.

The suit was commenced on the 15th of May, 1860, and the petition of intervention by Allen was filed at the ensuing term of the court in September. At the same term, a jury was waived and the cause submitted to the court, who rendered judgment in favor of the intervenors, against the plaintiff and the sureties on his injunction bond, for the amount of the notes and interest, as well as costs. The errors assigned appear in the opinion. The names of the sureties appear in the petition for the writ of error, but they are not parties to the writ-of-error bond.

*Hancock & West*, for the plaintiff in error.—The 6th assignment as to the error in the judgment, in rendering judgment against the sureties on the injunction bond in favor of the intervenors, seems well taken.

The intervenors were not parties to the bond, and if it were possible for them in any view of the case to avail themselves of the bond, they have not taken the proper steps to do so.

Again, the judgment of the court is defective in not disposing of the matters in litigation, and for these two errors the judgment should be reversed.

*William B. Leigh*, for defendants in error.

DONLEY, J.—From the record in this cause it appears, that on the 15th of January, 1859, Stephen Minot and S. C. Ferrill purchased from C. L. Pyron a lease of a house in San Antonio, and the furniture belonging to the same, and for it executed to Pyron two notes for $900 each, one due at twelve and the other eighteen months after date. That, to secure the payment of the money mentioned in the notes, Minot and Ferrill executed to James R. Sweet

a deed of trust on the furniture which they had purchased from Pyron, and in the deed it was stipulated and agreed that, if the note which became due twelve months after date was not paid at maturity, the second note should immediately become due, and that the trustee should make sale of the property and pay both notes. That Pyron, long before either of the notes became due, sold and transferred them to the defendants in error. It is averred that Minot and Ferrill transferred the house to Hancock, and also sold to him the furniture which plaintiff in error purchased from Hancock; and for the property, and as part of the consideration agreed to be given for the same, he assumed to pay the notes given by Minot and Ferrill to Pyron.

In May, 1860, plaintiff in error instituted suit against Sweet, Minot, Ferrill, and Pyron, alleging that he had offered to pay Pyron the note first due on or near the date of its maturity in cash and claims he held against said Pyron, which Pyron declined to receive, alleging that he had transferred the notes. Plaintiff avers an expectation of ability to pay the note which was to become due in July, 1860. It is averred that Sweet had advertised that he would, on the 16th of May, sell the furniture mentioned in said deed of trust under the power contained in said deed, and that since plaintiff had purchased the property Minot had set up some claim to it, and that he fears Sweet will sacrifice the property. He prays for an injunction, and asks for an order directing to whom he should pay the money mentioned in the two notes.

On the 8th of September, 1860, defendants in error filed their petition, asking to intervene in said cause. They allege that they are the owners of the notes given by Minot and Ferrill to Pyron, and pray judgment against plaintiff in error and his sureties on the injunction bond for the amount of the notes and interest.

A jury was waived, and the matter submitted to the court. The injunction was dissolved, and judgment in

favor of defendants in error, against plaintiff in error and his sureties on the injunction bond, for the amount of the notes and interest. The plaintiff in error alone complains and prosecutes this writ of error, and assigns for error, "1st, that the court erred in dissolving the injunction and rendering judgment in favor of intervenors upon their intervention not verified by affidavit."

No authority has been cited that a petition to intervene must be verified by affidavit. It is believed that the practice has been to intervene upon leave of the court, and that affidavits have not been required as a condition upon which the leave to intervene is granted. To entitle a party to intervene, he must by averment show that his rights are involved in the cause which is being litigated, that he is entitled to the relief which he asks, and his application must be presented in time to enable the parties in the cause in which he desires to intervene to meet and contest the issues which may be presented by the intervenor. In Hanchett v. Gray, 7 Tex., 551, it is said: "It may well be questioned whether the intervenors could be permitted to except to the proceedings for mere formal defects or irregularities not going to the foundation of the action." It was held, that "it unquestionably was competent for the intervenors to interpose a general demurrer or exception going to the merits of the action." (Id., 552.) In a proper case the right of intervention, if denied in the court below, will be secured and enforced in this court. (Eccles v. Hill, 13 Tex., 65, 68.) The defendants in error were properly allowed to intervene in this cause. As there is no statement of facts in the record, it must be presumed that the judgment of the court was sustained by evidence. The pleadings in the cause are sufficient upon which to found the judgment, and in the absence of a statement of facts it is well settled that it must be presumed that everything was proved which was susceptible of proof under the pleadings. (Portis and Wife v. Coch-

rane, 1 Tex., 77; Walling v. Kinnard, 10 Tex., 508; St. Clair v. McGee, 22 Tex., 5.)

The second error assigned is, that the court erred upon the dissolution of the injunction, "in not directing Sweet, the trustee, to proceed to sell the property held by him in trust." If the plaintiff in error desired the sale to be made, it certainly was competent for the trustee, upon the request of the plaintiff, to have proceeded with the sale. There can be no question that the plaintiff and trustee, joining in the sale, were competent to make to the purchaser a title, and the object of a sale by the trustee under the order of the court could be as well accomplished, by the consent of the plaintiff, without as with the decree of the court directing a sale.

The third error assigned is, that "the court erred in not distinguishing between the principal and his sureties on the injunction bond, and in rendering judgment *in solido* against the parties." The sureties might possibly, with some reason, be heard to complain of the judgment in this respect. It is not intended to say that this court would be required, if the sureties were prosecuting this writ, to reverse or reform the judgment, nor that that should be done, but it certainly is not an irregularity of which the plaintiff in error can complain. Nor is it competent for the plaintiff in error to assign errors which do not affect him, although they may affect his sureties, and it is an answer to this assignment to say, that the parties who may be affected by the judgment have not complained of it. (Lott v. Keach, 5 Tex., 394.)

The fourth error is substantially the same as the third. If the plaintiff desire to protect his sureties, and has property sufficient to satisfy the judgment, it certainly is competent for him to point out his property and require the sheriff to levy upon it before troubling his sureties.

The fifth error assigned is, that "the court erred in not decreeing judgment against the intervenors for cost." The

judgment is manifestly correct. The judgment rendered shows they had a meritorious cause of action against the plaintiff in error, and properly recovered judgment against him.

The sixth error is, that "the court erred in decreeing judgment against the principal and his sureties on his injunction bond, payable to said Sweet in favor of the said intervenors, who were not parties to the bond." It is unnecessary to decide whether the judgment in this cause was properly rendered on the bond against the plaintiff in error and his sureties in this cause. The plaintiff was liable without bond, and, as to him in this particular, the judgment is unquestionably correct. His sureties have not complained, and are not endeavoring to reverse the judgment, and we have seen that it is not competent for the plaintiff in error to rely upon errors that affect his sureties only. The judgment is

AFFIRMED.