## J. S. HANNA v. JOHN H. DRENNAN ET AL.

### (No. 2561.)

SURVIVING PARTNER — INTERVENOR — CHARGE OF COURT.— All that is required to authorize a party to intervene and have an adjudication upon his rights is to show, by proper averments, that he has an interest in the subject-matter of the suit, and that that interest can be affected by the decree.

CONTRIBUTION — EVIDENCE.— The doctrine of contribution is, that the persons not paying are liable to the person who pays the debt for which they are jointly bound, for the actual amount paid by him; and evidence can be introduced to show the actual cost to him.

APPEAL from Robertson county. Opinion by WATTS, J.

STATEMENT.— John H. Drennan, as surviving partner of the mercantile firm of Drennan & Randolf, on the 19th of May, 1874, brought this suit in the ordinary form of as-

*sumpsit*, against appellant for goods sold and delivered by Drennan & Randolf to appellant on divers days, from the 12th of December, 1872, to the 4th of April, 1874, of the reasonable value of $2,043.07 in gold. The said Drennan, by supplemental petition filed May 25, 1874, set up an additional indebtedness of $479.46 in gold, for goods sold and delivered to J. H. Thompson from January 1, 1873, to September 27, 1873, alleging that said goods were sold and delivered upon the faith and credit of defendant (appellant), and prayed judgment in his favor for the aggregate of both merchandise accounts, together with the interest and cost of suit. On June 18, 1875, Lucy E. Randolf, as administratrix of the estate of Geo. F. Randolf, deceased, intervened in said suit, claiming that her intestate, Geo. Randolf, in his life-time, while doing business for himself, and not as the partner of any one, sold and delivered the merchandise set out in the exhibits to plaintiff's petition and supplemental petition, and adopted the pleadings of plaintiff, except so far as the allegations therein set up a partnership between Geo. Randolf and plaintiff in the mercantile business out of which arose the matters involved in this suit, and praying for judgment in her favor, as administratrix of said Randolf's estate, for the amounts due as shown by plaintiff in his petition and exhibits.

Defendant (appellant) filed demurrer, general denial, special plea denying partnership of Drennan & Randolf at the time of Randolf's death, and also plea of set-off for the amount of one-half of a certain judgment for $3,000, recovered by A. P. Wooldridge, as assignee of Beeson's estate in bankruptcy, in the United States district court at Austin, against appellant and Lucy E. Randolf as administratrix of Randolf's estate, as co-defendants, which had been paid off as to the judgment plaintiff, and assigned to appellant with right of subrogation. Defendant below also pleaded in offset an allowed claim against said estate for $543.60, gold, with accrued interest thereon.

Intervenor demurred to plea of set-off, and answered spe-

cially that, if defendant ever paid the judgment mentioned, he only paid the sum of $581.43, and the sum of $66.05.

January 3, 1878, verdict of the jury for the intervenor for $1,496.12 gold. Judgment rendered thereon in favor of intervenor.

Motion for new trial made and overruled. Notice of appeal given, errors assigned and the case brought to this court by appeal.

The errors assigned and relied upon by appellant in his brief will, as far as deemed material to a proper disposition of this case, be shown in the opinion.

OPINION.— The appellant pleaded in abatement that the plaintiff Drennan was not the surviving partner of the firm of Drennan & Randolf, as claimed in his petition, but that said firm had been dissolved before the sale and delivery of the goods for which the suit was brought, by a sale of Drennan to Randolf of his entire interest in the concern.

Upon the issue presented by that plea the court instructed the jury as follows, to wit: "The defendant denies under oath the capacity in which plaintiff Drennan sues, to wit, that of surviving partner of the firm of Drennan & Randolf. There is no evidence before the jury that Drennan is such surviving partner; in fact it is admitted he is not, but that the firm of Drennan & Randolf was dissolved by a sale from Drennan to Randolf prior to the sale and delivery of the goods, etc., sued for. The jury will then, in no event, find any verdict for Drennan."

The appellant insisted that if Drennan was not the surviving partner of the firm of Drennan & Randolf, as alleged in his petition, that such fact would not only defeat a recovery by Drennan, but would also abate the suit as to Mrs. Randolf.

And in furtherance of that view of the law he asked the court to instruct the jury as follows: "In this case it is admitted that at the date of the institution of this suit John H. Drennan was not the surviving partner of the firm of

Drennan & Randolf. If you so find you will find for the defendant, and not consider any further the case upon its merits."

The court refused to give the same and appellant excepted to the charge as given, and the refusal to give that asked by him, and assigns the action of the court in these particulars as error.

Generally any person with the permission of the court may intervene in a pending suit between the parties thereto if he has an interest in the subject-matter of the litigation that can be affected by the decree. Such intervenor may join with either party and resist the claim of the other, or may oppose both, and seek and obtain the relief appropriate to the case made by his pleadings and evidence. Garrett v. Gaines, 6 Tex., 435.

In the case of Field v. Gautier, 8 Tex., 74, after the intervenor had filed his plea, and therein asserted ownership of the notes sued on, the plaintiff and defendant compromised, and to defeat the claim of the intervenor the plaintiff attempted to dismiss the suit; this the court refused to allow; the defendant pleaded limitation as against the intervenor, based upon the fact that limitation had completed the bar between the institution of the suit and the coming in of the intervenor. And discussing that question the court said: "Of the right of the plaintiff, intervenor, to intervene, claim the benefit of the original suit and prosecute it to judgment, if, as he claims, he is the owner of the notes and has never assigned or transferred them to another, there can be no question." See, also, Hancock v. Dimon, 17 Tex., 369; Eccles v. Hill, 13 Tex., 65; Wright v. Neathery, 14 Tex., 211; Smith v. Allen, 28 Tex., 497.

In this case Drennan had sued as surviving partner; Mrs. Randolf intervened, and by appropriate averments in her plea asserted ownership of the claims sued on, as administratrix of her deceased husband's estate, claimed that Drennan had no interest in the debts, and therein showed a good cause of action against appellant. And her right to

recover of appellant surely could not be made to depend upon the capacity in which Drennan had brought the suit, for a recovery upon her part presupposes that Drennan had no interest in the claims. As in the case of Field v. Gautier, *supra*, where a party who has no right or interest in the claims institutes suit upon them, and without regard to the capacity in which he sues, it is obvious that he cannot recover. But the real owner of the claim comes in here as there, and asserts and shows that she is the owner of the claims sued on, and asserts a cause of action against the appellant on the same. After the plea of intervention was filed she was before the court as a party at interest, standing upon the merits of the case as made by her pleading, and certainly her success did not depend upon Drennan's staying in or going out of the suit. The court correctly charged the jury upon this issue and rightly refused to give the charge asked by appellant.

The second proposition relied upon by appellant is that an intervenor cannot recover upon a contract between himself and the defendant, distinct from that between the plaintiff and defendant on which the suit was brought.

This proposition is not sustained by the record, nor is it well taken. In her plea the intervenor adopted all the allegations of the plaintiff's original and amended petition, and by appropriate averments limited her right to a recovery upon the Thompson account to the existence of a contract between her intestate and appellant, by which the goods were sold to appellant at his special instance and request, and upon his credit solely.

Drennan in his petition sought to recover upon the Thompson account on the ground that the goods therein mentioned were sold to Thompson at the special instance and request and upon the credit of appellant. The authorities cited do not sustain appellant's position.

Burdett v. Glasscock, 25 Tex. Sup., 45, is a case where the intervenor did not, in any way, connect himself with the contract sued on, but set up an independent agreement be-

tween himself and the defendant and sought a recovery alone upon the same. By his plea he showed that he had no interest in the subject-matter of the suit pending between the plaintiff and defendant, and would not be affected by the decree therein. But here the intervenor asserts ownership of the account sued on and seeks a recovery on the same, and notwithstanding she may have stated the circumstances of the sale and delivery of the goods a little different from the facts stated by plaintiff, this would not make it any other than a contract upon the part of the appellant to pay for the same. She was not compelled to assert the liability of the appellant to her, with reference to the subject-matter of the litigation, in the terms and manner in which the same was set forth in the petition; all that is required to authorize her to intervene and have an adjudication upon her rights is to show, by proper averments, that she has an interest in *the subject-matter* of the suit and that that interest can be affected by the decree.

The second assignment of error is as to the third paragraph of the charge of the court; that portion of the charge objected to and assigned is as follows: "That the fact that Thompson, subsequently to the sale and delivery of the goods, signed a note for the amount of said account, or that he or Hanna, or both, were sued on the same, if you find these facts, cannot affect the right of intervenor to recover on this account in this suit."

Taking the detached extract excepted to and construing it alone, it might be the fit subject of criticism and be objectionable as a charge upon the weight of evidence.

But when considered with reference to the evidence and the whole charge upon this branch of the case, it is not subject to the objection, and is as favorable to appellant as the law would allow. The evidence shows that Drennan, who had no interest in the matter, at one time caused a note to be prepared for the amount of the Thompson account, for Thompson and appellant to sign; the former signed it but the latter did not. It is also shown that

Drennan had instituted suit against appellant and Thompson on said account; the evidence, however, fails to show that the intervenor was in any way connected with, or cognizant of, these matters. And in the language of the court, "these facts cannot affect the right of the intervenors to recover on this account in this suit." Nor did this part of the charge mislead or confuse the jury; for they are told more than once in that branch of the charge that "they could not find against defendant as to the Thompson account unless they believed from the evidence that the goods were sold to Hanna, and upon his credit, and that no credit was extended to Thompson, and that there was no legal liability on Thompson to pay the same."

The third assignment of error relates to the right of appellant to contribution from the estate of Randolf for and on account of the Wooldridge judgment, which he claims to have paid, etc. That was a judgment *in solido* against appellant and the estate of Randolf for $3,000 and costs of suit; he asserts as an offset one-half of the amount of said judgment, principal, interest and costs of suit. The intervenor contests this offset as to the amount, and asserts that the appellant paid the same with $647.48 in money, and in claims against the estate of the plaintiff in the judgment at par, which claims appellant had purchased for that purpose, and for which he had paid only fifty cents on the dollar. Appellant asserts that, without regard to the amount that he had paid Wooldridge for the judgment, as the same had been transferred to him, that he was entitled, as contribution, to one-half of the amount of the judgment. The court, over the objection of appellant, allowed the intervenor to introduce evidence as to the amount appellant had expended in purchasing the claims that he used in paying the judgment; and in the charge limited his right to contribution to one-half of the amount expended by him in paying the judgment, including reasonable expenses.

In this the court was clearly right. The doctrine of contribution is founded in equity and natural justice; it has its

origin in the equitable consideration that when parties have assumed a common burden they should bear it equally.

In Parsons on Contracts, volume 1, page 31, the rule is thus stated: "When two or more persons are jointly or jointly and severally bound to pay a sum of money, and one or more of them pay the whole or more than his or their share and thereby relieve the others so far from their liability, those paying may recover, from those not paying, the aliquot proportion which they ought to pay, etc.; that the persons not paying, but being relieved from a positive liability by the payment of others who were bound with them, are held by law as under an implied promise to *contribute* each his share to make up the whole sum *paid*. And this rule applies equally to those who are bound as original co-contractors and those who are bound to pay the debt of another or answer for his default as co-sureties."

There is nothing in the cases of Sublett *v.* McKinney, 19 Tex., 438, and Mitchell *v.* Smith, 25 Tex. Sup., 538, cited by appellant, that in the least militates against the rule as stated by Mr. Parsons; these were cases in which a surety had paid the debt, etc., and the court held that such surety was entitled to an assignment of the same to indemnify himself. But it is nowhere held by the court that such surety would be entitled to indemnity beyond the actual amount he had expended in paying the debt. The contrary is expressly held in Edwards *v.* Sheahan, 47 Tex., 444.

Equity would never allow a speculation under the guise of contribution. The rulings and charges of the court upon this branch of the case were in accordance with the rules of law and strongly commend themselves to our sense of justice.

The fifth assignment of error relates to the ruling of the court in admitting in evidence the declarations of appellant made subsequent to the sale and delivery of the goods charged in the Thompson account. It is alleged by plaintiff and intervenor that said goods were sold to appellant upon his credit and at his special instance and request.

This he denies and asserts that he is not bound or liable for that account. The evidence upon that issue was conflicting, Drennan swearing positively one way and the appellant equally so the other. The court permitted the declarations of appellant, made after the death of Randolf, to the effect that he was liable for the Thompson account, to be introduced; this was admitted as a circumstance tending to show that the agreement had been made and the goods purchased as claimed by the intervenor; and the court in the charge limits this evidence strictly to the purpose for which it was admitted. It appears to us that this evidence was admissible as tending to confirm the existence of the agreement by which he had purchased and bound himself to pay for the goods.

The evidence offered by appellant, and excluded by the court, was about a contract between himself and Thompson with reference to farm supplies, and it is not shown or claimed that either Drennan, Randolf or Mrs. Randolf ever had any connection with, or were cognizant of, any such agreement.

AFFIRMED.