## W. T. PINKARD ET AL. v. P. J. WILLIS & BRO.

· Decided June 23, 1900.

**1.   Trial of Right of Property—Burden of Proof.**

Where goods were levied on in the possession of P. prior to his qualification as temporary administrator, and he, as administrator and for the estate, claimed them from under the levy, the burden of proof in the trial of the right of property was on him as such claimant.

**2.   Same—Intervention.**

An intervention in the statutory trial of the right of property comes too late after the issues between the original parties have all been practically determined and the case has been remanded on appeal merely to ascertain the value of the property.

**3.   Same—Liability of Sureties on Claimant's Bond—Bankruptcy.**

Where the property was levied on prior to the institution of proceedings in bankruptcy against a statutory claimant thereof, his subsequent discharge in bankruptcy does not release the sureties on his claimant's bond by virtue ot which he took the property from under the execution.

**4. · Same—Formal Judgment Against Bankrupt Claimant.**

For the purpose of holding the sureties on the claimant's bond the court may, in the trial ot the right of property, properly render a judgment against the bankrupt claimant with perpetual stay of execution as against him.

**5.   Same—Plaintiff's Liability to Third Parties.**

Where plaintiff in execution levies on property belonging to a third party he is liable to such party or to his estate whether the writ of execution was valid or void, and although the property may have been lost to plaintiff by reason of the execution of a claimant's bond therefor by another person.

APPEAL from Cherokee.   Tried below before Hon. TOM C. DAVIS.

*Weeks & Fleager*, for appellants.

*Thos. B. Greenwood & Son, S. P. Wilson,* and *French & French,* for appellees.

GILL, ASSOCIATE JUSTICE.—This was a suit originally brought by W. T. Pinkard as temporary administrator of the estate of E. W. Pinkard, deceased, for trial of right of property in certain goods levied on at the instance of appellees.   From a judgment in favor of claimants in the first trial, the cause was appealed to this court, and was here reversed and rendered in favor of the plaintiffs in execution against W. T. Pinkard and the sureties on his claimant's bond, on the ground that the undisputed evidence showed that he had no authority as temporary administrator to bring the suit, and the estate being in no sense a party to

the proceedings and its title not involved, plaintiffs, as against Pinkard individually and his sureties, were entitled to judgment under the terms of the statute for the value of the goods. The record, however, did not disclose the value of the goods, and the cause was remanded that the value might be ascertained and judgment rendered therefor. 21 Texas Civ. App., 423.

The W. T. Pinkard who sued as temporary administrator was also the execution defendant. Prior to the last trial, from which comes this appeal, W. T. Pinkard qualified as permanent administrator of the estate of E. W. Pinkard, deceased, and sought to intervene and establish the right of the estate to the goods, and to obtain judgment against W. T. Pinkard and the sureties on his claimant's bond for their value. A motion to strike out this intervention was sustained by the trial court, and of that action Pinkard, as permanent administrator, here complains.

W. T. Pinkard, who did not appear in his individual capacity in the first trial, sought to intervene as such in the second trial, alleging, among other things, that prior to the first trial of this cause he had been duly adjudged a bankrupt and acquitted, among other claims, of the judgment which was the basis of plaintiffs' execution. Exceptions were sustained to all of this plea except the portion setting up his discharge as a bar to the enforcement of any judgment against him. The sureties also answered, denying the value of the goods as alleged and seeking to protect themselves by the discharge of Pinkard in bankruptcy.

The goods were originally levied on in the hands of W. T. Pinkard prior to his qualification as temporary administrator, and the court properly held the burden of proof to be upon claimant. The goods were prima facie the property of defendant in execution, and no person being present in the case having a right to question this prima facie title, judgment was rendered against the claimant and his sureties for their value.

There is but one assignment of error presented by the permanent administrator, but as it is neither correctly copied in the brief nor prepared in accordance with the rules, a consideration of it at our hands is not required. It appears, however, that it presents no error. If it be conceded that an intervention is permissible in a claimant's suit under the facts alleged, it is also true that an intervention must be timely and will not be permitted after the issues between the original parties are practically determined. The estate is not prejudiced by the judgment herein, and has ample remedy for any injury done it by any party to this suit.

The questions affecting the validity of the execution were determined on the former appeal.

The estate of E. W. Pinkard, deceased, being thus eliminated from the cause, the effect of the bankruptcy proceeding on the judgment in this cause remains to be considered. For the purposes of this question the goods must be treated as the property of the execution defendant, else he

can have no ground of complaint, the trial court, on account of his discharge in bankruptcy, having granted a perpetual stay of execution as against him individually. The goods, when levied on, being prima facie the property of the execution defendant, and the levy being made prior to the institution of proceedings in bankruptcy, a lien was thereby acquired which could not be defeated under the circumstances of this case except by allegation and proof that Pinkard was a bankrupt at the date of the levy. There is no such allegation. See Collier on Bankruptcy, 384, 385, and sections of the present act there discussed. Nor does it appear that the goods were ever listed as a part of the assets of the bankrupt nor any claim made to them by the assignee. The action of the court in permitting the bankrupt to intervene for the purpose of interposing his discharge as against the issuance of execution against him is not complained of in this cause, though he failed to do so upon the first trial and he had been adjudged a bankrupt at that time.

Nothing having been alleged which would have the effect to nullify the lien resulting from the levy, and the bond having brought about the surrender of the goods by appellees, it is well settled that the sureties on the bond are still bound, notwithstanding the discharge in bankruptcy of the principal. For the purpose of holding the sureties the State court had the right to render a formal judgment against the bankrupt, with perpetual stay of execution as against him. Hill v. Harding, 130 U. S., 702; Hiscock v. Bell, 46 Texas, 611; Miller v. Clements, 54 Texas, 351; Elliott v. Booth, 44 Texas, 180; Hancock v. Henderson, 45 Texas, 479.

None of the assignments are properly presented, and the statement of facts was filed after the end of the term without a ten-day order to authorize it. The latter fact precludes us from noticing any assignment predicated on the amount of the judgment.

No reversible error appearing, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

In the main opinion we declined to dispose of the assignment complaining of the amount of the judgment. This was done on the ground that the statement of facts was filed after the term and without an order of the court permitting it. Our attention has been called to the fact that an agreement accompanied the record reciting that such an order had been procured. We have therefore considered the question presented and have concluded that there is evidence to support the verdict.

The other complaint in the motion for rehearing is, that this court erred in holding that the trial court correctly refused to permit W. T. Pinkard, individually, to intervene, and to urge, among other things, the invalidity or irregularity of the execution under which the property in question was taken. We have found no reason to change our views. If appellees took the property of the estate of E. W. Pinkard, deceased,

under an execution against W. T. Pinkard, they are responsible to the estate in damages, whether the writ was valid or void. The responsibility of W. T. Pinkard and his sureties on the claimant's bond was not a liability directly based on the judgment from which the writ issued, but was rather a new obligation by which they bound themselves to place appellees in statu quo in case W. T. Pinkard, as temporary administrator, should fail to establish his claim. As the matter stands, appellees are responsible to the estate for the goods taken, if they in fact belonged to the estate, and by reason of the execution of the claimant's bond they have lost the goods, for the value of which they may be held to account. This situation resulted from the wrongful assumption by W. T. Pinkard, as temporary administrator, of powers he could not lawfully exercise. If the doctrine declared in Brewing Company v. La Rose, 20 Texas Civil Appeals, 575, and the opinion in this case on the former appeal, is the law, Pinkard must be held to a knowledge of it, and to have exceeded his powers at his peril. We mention this aspect of the case in view of the contention that the refusal to hear the objection to the validity of the writ resulted in an injustice to W. T. Pinkard. The motion for rehearing is overruled.

*Overruled.*

Writ of error refused