## ZUCHT v. JORRIE et al. (No. 7759.)

Court of Civil Appeals of Texas. San Antonio. April 20, 1927.

Rehearing Denied May 18, 1927.

**1. Alteration of instruments ⬤⟺20—Alteration of maturity date did not prevent judgment against maker of note, where he admitted debt.**

In suit on promissory note, alleged alteration of due date from four to six months did not prevent judgment against the maker who admitted the debt.

**2. Parties ⬤⟺42—Intervener, with permission, may enter suit before issues are determined.**

Intervener may properly, with leave of court, enter suit at any time before issues are determined between plaintiff and defendant.

**3. Bills and notes ⬤⟺459—Parties ⬤⟺40(2)— Payee is proper party, and may intervene in suit on note by indorsee against maker.**

Original payee of promissory note is proper party, and may intervene in a suit by the indorsee against the maker.

**4. Bills and notes ⬤⟺518(1)—Contention that there was no evidence that note was executed for insurance premiums held untenable against admission.**

Where maker of promissory note admitted in suit thereon that it represented premiums on two insurance policies, his contention that there was no evidence that it was executed for premiums was untenable.

---

⬤⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Bills and notes ☜494—Claim of fraud inducing execution of note must be supported by evidence.**

Proposition setting up claim of fraud in execution of note in suit against maker would be overruled in the absence of evidence.

**6. Set-off and counterclaim ☜44(2)—Maker of note to firm could not charge to it dental work for individual partner, in absence of authority.**

Maker of promissory note to partnership could not charge dental work done for an individual partner to the partnership in the absence of authority.

**7. Appeal and error ☜719(10) — Court of Civil Appeals will not consider question of costs in lower court, not raised below or referred to in assignments of error.**

Court of Civil Appeals will not consider question of costs in the lower court, which was not raised in any manner in that court, or referred to in any assignment of error.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by R. Jorrie against A. D. Zucht, in which Baskin & Kanter intervened on the instance of David Kanter. Judgment for plaintiff against Baskin & Kanter and David Kanter, individually, and against defendant and for Baskin & Kanter, and defendant appeals. Affirmed.

Guinn & McNeill, of San Antonio, for appellant.

Cunningham, & Moursund and Henry S. Groesbeeck, all of San Antonio, for appellees.

FLY, C. J. R. Jorrie sued appellant to recover on a promissory note for $672.40, executed by appellant to Baskin & Kanter, on February 10, 1925, and due six months after date. Jorrie alleged that he was a purchaser without notice and in good faith of the note before maturity, for a valuable consideration. Appellant filed general and special demurrers, a general denial, failure of consideration, and alteration of the note. The firm of Baskin & Kanter intervened in the suit, at the instance of David Kanter, who showed that the note was issued to the firm for the premiums due on two life insurance policies issued to appellant by the firm as agents of the Bankers' Life Insurance Company. Interveners prayed in case any judgment be rendered against interveners, that judgment be rendered in their favor for the amount. The cause was tried without a jury, and a judgment was rendered, denying a recovery by Jorrie on the note, on account of material alterations in it, but the court rendered judgment in favor of Jorrie for the sum of $737.32, against the firm of Baskin & Kanter and David Kanter, individually, and against appellant for the sum of $740.28, in favor of Baskin & Kanter. A. D. Zucht alone appealed.

The facts are that appellant executed a note for $673.40, payable to the order of Baskin & Kanter. The consideration for the note was the sum of the premiums due to Baskin & Kanter on two life insurance policies for $10,000 each. He swore:

"I am declining to pay this note because it is due two months later; that is to say, it shows on its face. I did get the insurance policies and that insurance for twelve months, and the amount of this note represents the first year's premium on the policies, I think so."

[1] If the due date of the note was changed from four to six months, as claimed by appellant, it was not done by Kanter or Jorrie, and in equity and good conscience he should pay an admitted debt, which Kanter was compelled to pay to his company.

[2, 3] The court did not err in permitting Kanter to intervene in the suit. The intervener, with leave of the court, had the right to enter the suit at any time before the issues were determined between the plaintiff and defendant. Smith v. Allen, 28 Tex. 497; Smalley v. Taylor, 33 Tex. 668; Pinkard v. Willis, 24 Tex. Civ. App. 69, 57 S. W. 891. It was not required that Baskin & Kanter be necessary parties to enable them to intervene, but merely proper parties. They were undoubtedly proper parties. The first and second propositions are overruled.

[4] Appellant admitted the execution of the note and that it represented the premiums on the two insurance policies; therefore a contention that there was no evidence that the note was executed for the premiums is untenable. We overrule the third proposition.

[5] There was no evidence that any one used fraud to obtain from appellant the execution of the note, and the fourth, fifth, and sixth propositions, setting up that claim, are overruled. Appellant received full value for the amount of the note, and honesty and square dealing require its payment. Appellant admitted, "I am now declining to pay this note because it is due two months later;" or, in other words, he sought to avoid payment of a debt because alteration of the note may have rendered it invalid.

[6] Appellant had no authority to charge dental work done for an individual partner to the partnership, in the absence of the authority of the partnership. Appellant did not plead payment in any sum. The seventh proposition is overruled.

[7] The question of costs in the lower court was not raised in any manner in the lower court and is not referred to in any as-

signment of error, and cannot be raised in this court.

There is no merit in the appeal, and the judgment is affirmed.