### RIO TIRE CO. v. SPECTRALITE, Inc. *
### No. 12603.

Court of Civil Appeals of Texas. Fort Worth.
Jan. 30, 1932.

Rehearing Denied March 5, 1932.

*Writ of error granted.

Britain & Cheek and Carrigan, King & Surles, all of Wichita Falls, for appellant.

Weeks, Morrow, Francis & Hankerson, Thelbert Martin, and Fischer & Fischer, all of Wichita Falls, for appellee.

BUCK, J.

On August 28, 1930, the plaintiff filed its original petition in the district court of Wichita county against the Rio Tire Company, a Texas corporation, doing business in Wichita county. Plaintiff alleged that it was a creditor of Eugene Segall who had theretofore transacted business in Wichita Falls under the trade-name of Segall Tire Company, and that the said tire company had been, from November, 1928, indebted to plaintiff in the sum of $4,700, together with interest, and from and after the first day of November, 1928, plus the sum of approximately $75 court costs, which indebtedness is and was conclusively established by judgment theretofore rendered in the Seventy-Eighth district court of Wichita county in cause No. 22219—B in the case of Spectralite, Inc., v. Eugene Segall. Plaintiff alleged that the said Eugene Segall is insolvent and has been insolvent since November, 1928, and for several months prior thereto, and that such fact is and was at all times heretofore mentioned well known to the defendant, and that plaintiff is unable to collect its said indebtedness from said Eugene Segall; that as a creditor of the said Eugene, Segall plaintiff brings this suit against said defendant on behalf of itself and such other creditors of Eugene Segall as may have an indebtedness against him or who may hereafter intervene. Plaintiff further alleged that during the latter part of the year 1928, or in the early part of the year 1929, the said Eugene Segall, doing business as the Segall Tire Company, fraudulently transferred, sold, and assigned to the Rio Tire Company all of its stock of goods, wares, and merchandise located in the city of Wichita Falls, and such transfer and assignment of said property, which was reasonably worth in excess of the sum of $15,000, was made by the said Eugene Segall to the said Rio Tire Company with the intent to delay, hinder, and defraud plaintiff and other creditors of their debts, and such assignment of the aforesaid property by the said Eugene Segall to the Rio Tire Company is null and void under article 3996, Rev. Civ. Statutes, for the reason that its officers, agents, and representatives well knew at the time the said Rio Tire Company acquired said property of said Eugene Segall that said Segall was insolvent and was making said assignment of the said property to the Rio Tire Company with the fraudulent purpose and intention of defrauding his said creditors, among which was the plaintiff. That in truth and in fact said Eugene Segall transferred and assigned the aforesaid stock of goods, wares, and merchandise and accounts to the said Rio Tire Company for the fraudulent purpose and intention of giving a preference to the said Rio Tire Company on a past-due indebtedness of the said Rio Tire Company, which said fraudulent purpose and intention was well known to defendant, its officers, agents, etc.

Plaintiff further alleged that the sale to the Rio Tire Company was null and void under article 4001, Rev. Civ. Statutes, in that the said Eugene Segall and the said Rio Tire Company did not in said transaction comply with the provisions of the Bulk Sales Law of the state of Texas as the purchaser or transferee, and the Rio Tire Company did not demand and receive from the said Eugene Segall a written list of names and addresses of the creditors of the Segall Tire Company with the amount of the indebtedness due or owing to each and certified by the seller, Eugene Segall, under oath to be a full, accurate, and complete list of his creditors and of his indebtedness, and such purchaser did not, at least ten days before taking possession of the stock of goods, notify, personally, or by registered mail, each creditor whose name and address were stated on said list.

Plaintiff further alleged that it had not made any other creditors a party to this suit, for the reason that it did not know of any other creditors of the said Eugene Segall other than plaintiff, and asserted that, upon information and belief at the time of said transfer and assignment, the sole and only creditors of the said Eugene Segall, as was well known to defendant, were this plaintiff and the said defendants herein. That plaintiff is informed and believes that said transfer and assignment of said stock of goods, wares, merchandise, and fixtures was made in part to settle a debt owing by the said Eugene Segall to the said Rio Tire Company, or to the Goodyear Tire Company, for whose use and benefit said transfer and assignment was made to the Rio Tire Company, which is in fact a mere dummy corporation who took title to the said property above described for the use and benefit of the Goodyear Tire Company, a creditor of Eugene Segall.

Plaintiff further alleged that the defendant

is a successor in business to Eugene Segall, and that it assumed and agreed to pay all of the debts of the said Eugene Segall in consideration of his transferring and assigning to the said Rio Tire Company all of its goods, wares, merchandise, and fixtures located in Wichita Falls, Tex.

Whereupon, premises considered, plaintiff prayed that said defendant be cited in the terms of the law to appear and answer herein; that upon final hearing hereof plaintiff have a full accounting from the said defendant as to the goods, wares, merchandise, and fixtures received by it from the said Eugene Segall, and that plaintiff have judgment against the said Rio Tire Company to the extent of the assets coming into its possession for its proportionate share thereof as a creditor of the said Eugene Segall, and that judgment be entered against said defendant for plaintiff's debt, interest, and costs, as above set forth.

The defendant Rio Tire Company filed a plea in abatement, in which it alleged that the judgment alleged to have been rendered in cause No. 22219—B is not a final judgment, and the defendant further alleged, upon information and belief, that said cause has been appealed to the Court of Civil Appeals for the Second Supreme Judicial District, and that said defendant in said suit had a good and valid defense to plaintiff's alleged cause of action, and that said judgment could not and will not in any event become final until said appeal or writ of error shall have been finally disposed of in said court or the Supreme Court of this state. Wherefore, defendant said that said suit has been prematurely filed and cannot form the proper basis for the cause of action sued on, and that said suit against this defendant should be in all things abated.

The plea in abatement was overruled by the trial court. The trial court then ordered notice to be published in the Times Publishing Company, a Wichita Falls newspaper, for ten days.

On October 7, 1930, plaintiff filed his first amended original petition in which it alleged that its debt due by Segall was by virtue of a contract, in which Segall promised and agreed to pay to said plaintiff certain rentals on an electric lighted sign, and that said Segall failed and refused to pay said rentals, and there was a balance due of $5,600, and that Segall agreed to pay three-fourths of said balance due, amounting to $4,200. That on December 27, 1928, plaintiff instituted suit against Segall in the district court of Wichita county and recovered a final judgment against Segall in the sum of $4,700, together with interest and court costs. The alleged contract between Segall and plaintiff was attached to this second amended petition as an exhibit. There was also attached a memorandum of agreement entered into by Eugene Segall and the Rio Tire Company, by the terms of which said Segall sold and transferred to said Rio Tire Company all of his stock of goods, wares, and merchandise.

On December 9, 1930, plaintiff filed a supplemental petition, in which he answered certain allegations contained in defendant's original answer.

The cause was tried before a jury upon one issue, to wit: "Do you find from a preponderance of the evidence that the officers of the Rio Tire Company were informed or had knowledge of the claim of the Spectralite Company against Segall at the time they closed their trade with Segall? Answer: Yes."

The trial court overruled defendant's motion for a new trial. On December 30, 1930, plaintiff filed a motion for the entry of an interlocutory decree in its favor. This was contested, and the court overruled defendant's exception to plaintiff's motion for the entry of an interlocutory decree. The interlocutory decree was entered December 20, 1930.

In answer to the plea and request of plaintiff for defendant to file a verified statement of the goods, wares, and merchandise purchased by the defendant from said Segall, the defendant filed said verified statement, in which it showed that the total consideration involved, less 1929 tax accrual of $8.15, was $14,675.70, which consisted of merchandise, valued at $479.43, trade fixtures, valued at $722, prepaid insurance, $246.37, unexpired license on Ford cars, $32.30, accounts receivable, $7,737.30, tools, apparatus, etc., valued at $5,466.45.

It appears that no interventions were filed within the ten days in which the court allowed, but that subsequently, on January 17, 1931, the court ordered published a second notice to the creditors to intervene, and that in response to said notice F. W. Fischer intervened, claiming an amount of $500 due him by said Segall for legal services, and J. D. White intervened for $750. William H. Fehler also intervened, claiming an indebtedness on a certain promissory note; also the Wichita Falls municipality and the Wichita Falls independent school district intervened for certain taxes alleged to be due. Most, if not all, of these interventions were alleged to be predicated on judgments already obtained. The defendant vigorously contested the right of such interventions. Testimony was admitted in behalf of the interveners, and the court entered judgment in favor of plaintiff in the sum of $4,700 and interest, and in favor of F. W. Fischer in the sum of $500, and in favor of the Wichita Falls independent school district in the sum of $153.72, and in favor of the city of Wichita Falls in the sum of $204.96, and in favor of William H. Fehler in the sum of $5,281.45. From this judgment the defendant has appealed.

## Opinion.

■■ There are some 108 assignments of error in the appellant's brief, and the transcript contains some 332 pages. It would be impracticable to discuss each one of the assignments. We have concluded to discuss comparatively few of the assignments. One group of the assignments attack that part of the judgment giving a right of recovery to the interveners. By the judgment F. W. Fischer recovered a judgment of $500, for alleged fees due him by Eugene Segall; J. D. White recovered the sum of $720, alleged to be due him for advertising for Eugene Segall. William Fehler recovered judgment in the sum of $5,281.45 by reason of a balance alleged to be due by Segall on certain promissory notes; the city of Wichita Falls recovered judgment in the sum of $204.96 for alleged taxes, and the Wichita Falls independent school district recovered judgment in the sum of $352.72 for the alleged amount due by Segall. It will be remembered that none of these interveners were parties at the time the interlocutory judgment was rendered in favor of the Spectralite, Incorporated, and against the Rio Tire Company. The Supreme Court held in Pool v. Sanford, 52 Tex. 621, quoting from the head notes, that: "To entitle a party to intervene in a suit pending, his interest, legal or equitable, must be such, that had the original action never been commenced, and the intervenor had brought the suit in his own name as sole plaintiff, he would have been entitled to recover in his own name to the extent at least of a part of the relief sought; or had the action been first brought against him, as a defendant he would have been able to defeat the recovery, in part at least."

In 47 Corpus Juris, page 104, it is said: "In Texas no intervention will be permitted unless the intervener as sole plaintiff or sole defendant, would be entitled either to obtain at least a part of the relief demanded in the original action or to prevent a recovery at least in part. Del Rio Bldg., etc., Ass'n v. King, 71 Tex. 729, 12 S. W. 65; Municipal Gas Co. v. Lone Star Gas Co. (Tex. Civ. App.) 259 S. W. 684; O'Brien v. First State Bank, etc., Co. (Tex. Civ. App.) 239 S. W. 715; Bangs v. Sullivan, 33 Tex. Civ. App. 30, 73 S. W. 74; Pool v. Sanford, 52 Tex. 621. So the view has been taken that a person cannot intervene to enforce an independent cause of action against an original party (Burditt v. Glasscock, 25 Tex. Supp. 45), at least where it involves a subject matter distinct from that involved in the original suit (Bangs v. Sullivan, 33 Tex. Civ. App. 30, 73 S. W. 74), or to litigate concerning the subject of the action and also with regard to an additional subject (Ragland v. Wisrock, 61 Tex. 391), although the intervener may set up a claim in the subject matter at issue adverse to plaintiff or defendant. Smalley v. Taylor, 33 Tex. 668.

The view has been taken that an intervener may join with either party and resist the claim of the other (Hanna v. Drennan, 2 Posey, Unrep. Cas. 536), or may oppose both. Hanna v. Drennan, supra."

The ground upon which the plaintiff in the court below based its right of recovery was that the defendant company knew or had knowledge at the time of the sale that the plaintiff company, a corporation, was a creditor of the Segall Company. There was no contention that Segall and defendant had not complied with the Bulk Sales Law, other than that defendant had knowledge of the existence of the claim by defendant of the Spectralite, Incorporated. It was contended merely that the sale was fraudulent as to plaintiff by reason of the alleged knowledge by defendant of plaintiff's claim, and the suit was brought for those "similarly situated," that is, as to claims of which defendant likewise had knowledge at the time of the sale. The order to intervene of January 17, 1931, did not limit interventions to those coming within the allegations of plaintiff's petition, but permitted interventions generally. The sale under no phase was void as to general creditors, and, not being void as to general creditors, the interveners permitted to intervene under the said orders had no right or claim whatever against defendant, could not have maintained a suit independently against defendant, and the order was subject to all of the objections urged by appellant here under this ruling. To entitle one to intervene in a suit, he must show by proper averments that he has an interest in the subject-matter of the suit. Hodges Drilling Co. v. Tyler (Tex. Civ. App.) 233 S. W. 548, by Justice Dunklin of this court, dismissed by the Supreme Court for want of jurisdiction. We conclude that none of the interveners except lienholders were entitled to intervene under their pleadings.

■■ It will be remembered that the verified account filed showed that there were transferred to the appellant company by the Segall Company: Merchandise, $479.43; trade fixtures, $722; prepaid insurance, $246.37; unexpired license on Ford cars, $32.30; accounts receivable, $7,737.30; tools, apparatus, etc., $5,466.45.

Article 4001, Rev. Civ. Statutes, provides, in part, as follows: "The sale or transfer in bulk of any part or the whole of a stock of merchandise, or merchandise and fixtures pertaining to the conducting of said business otherwise than in the ordinary course of trade, and in the regular prosecution of the business of the seller or transferor, shall be void as against the creditors of the seller or transferor, unless the purchaser or transferee demand and receive from the transferor a written list of names and addresses of the creditors of the seller or transferor with the

amount of the indebtedness due or owing to each and certified by the seller or transferor under oath to be a full, accurate and complete list of his creditors, and of his indebtedness; and unless the purchaser or transferee shall at least ten days before taking possession of such merchandise or merchandise and fixtures, or paying therefor, notify personally or by registered mail each creditor whose name and address is stated in said list, or of which he has knowledge, of the proposed sale and of the price, terms and conditions thereof."

Apparently, the only claim that·a creditor has by reason of sale hereby inhibited is of stock of merchandise, or of merchandise and fixtures pertaining to the conduct of the business. We do not think that the Bulk Sales Law prohibits the sale of bills receivable, and that amounted to $7,737.30. Nor do we think that prepaid insurance is included in the claims of things inhibited to be sold without due notice under the Bulk· Sales Law; nor that unexpired licenses is one of the things subject to sale without notice. That would leave $6,659.73. Out of this amount the plaintiff below was entitled to recover as against the property sold. The city of Wichita Falls and the Wichita Falls independent school district should be allowed to recover out of the property sold, inasmuch as they had liens on said property for the taxes claimed.

■ The Rio Tire Company, the purchaser, is chargeable with constructive notice at least that the city of Wichita Falls and the Wichita Falls independent school district had such a lien on the property transferred by Segall to the purchaser, and that such corporations had a lien against the property conveyed, such as we have mentioned above. Neither the original plaintiff nor the interveners, the city of Wichita Falls and the Wichita Falls independent school district, have primarily a right to a personal judgment against the Rio Tire Company, but have a right to a judgment against the property. If the property on which a lien had been retained has been sold, or otherwise converted by defendant, then said plaintiff and the said interveners have a right to a judgment against the Rio Tire Company for such part of the property conveyed as the tire company has used or sold up to the amount of the judgment. The other interveners, to wit, F. W. Fischer, J. D. White, and William H. Fehler, do not show themselves entitled to a recovery either against the property conveyed or against the Rio Tire Company personally. None of these interveners showed by their petitions that the Rio Tire Company had knowledge at the time of the conveyance of the debts and claims held by them, or that they had a lien on the property. Therefore, the judgment in favor of such interveners is reversed and here rendered.

By virtue of the provisions of article 4001, Rev. Civ. Statutes, the Rio Tire Company in the purchase of the stock of goods became a receiver thereof and accountable to the Spectralite, Incorporated, of whose claim it had notice at the time of the purchase, but was not accountable to any of the interveners who held no lien on the goods. The interveners holding liens had a right to intervene and establish those liens against the same property, independently of the Bulk Sales Law. Those lienors had a right to a foreclosure of their liens against the property, and that would be a proper judgment to be rendered in their favor. The relief to be granted plaintiff, Spectralite, Incorporated, would be to have the property taken over by the purchaser, sold, and the proceeds applied to the payment of its debt. Apparently, the lien creditors would have a superior right to the proceeds of the sale over that of plaintiff Spectralite, Incorporated. If any part of the stock of goods taken over by the Rio Tire Company has been converted by it, then the measure of damages therefor against it in favor of both the plaintiff and the lien creditors would not exceed the market value of the goods converted. But neither the plaintiff nor either of the lien creditors was entitled to recover any amount by reason of the purchase of the·bills receivable. The judgment in favor of the plaintiff Spectralite, Incorporated, ·and the interveners who were lien creditors was contrary to the principles just announced, and for that reason it becomes necessary to reverse the judgment in favor of those parties and to remand the cause as between them and the Rio Tire Company for further trial of the issues suggested above, not inconsistent with the conclusions just announced.

Judgment reversed and rendered against F. W. Fischer, J. D. White, and William H. Fehler, and judgment reversed and remanded as to the other parties to the suit. The costs of this ·court and the trial court is adjudged one-half against the Spectralite, Incorporated, and the city of Wichita Falls and Wichita Falls independent school district, and one-half against the interveners denied recovery.

Judgment reversed and rendered in part, and judgment reversed and remanded in part for another trial to determine if any of the property conveyed to the Rio Tire Company has been sold or converted by the Rio Tire Company.

### On Motions for Rehearing.

Both appellee and appellant have filed motions for rehearing. We conclude that, in so far as our conclusion expressed that the judgment against appellee should be reversed and judgment rendered against J. D. White, F. W. Fischer, and Wm. H. Fehler, that appellee's motion should be overruled.

Appellant expresses some question in regard to what we said in the original opinion

as follows: "That would leave $6,659.73. Out of this amount the plaintiff below was entitled to recover as against the property sold. The City of Wichita Falls and the Wichita Falls Independent School District should be allowed to recover out of the property sold, inasmuch as they had liens on said property for the taxes claimed." This was not intended to circumscribe and limit the power of the trial court in the further disposition of the case. The trial court has the right and authority on a subsequent hearing to determine what constitutes the trade fixtures subject to the Bulk Sales Law (Rev. St. 1925, art. 4001).

Both motions for rehearing are overruled.