### MAST v. SHIPP et al.

### No. 3343.

Court of Civil Appeals of Texas. Beaumont.

Jan. 5, 1939.

Rehearing Denied Jan. 11, 1939.

Davis, Avery & Wallace, of Center, and Seale & Thompson, of Nacogdoches, for appellant.

Adams & McAlister, of Nacogdoches, for appellees.

O'QUINN, Justice.

We glean from the record that May 29, 1913, Mrs. Louisia A. Jemison, a resident of Talladega County, Alabama, sued J. C. Shipp, H. Masterson and A. V. Simpson, in the District Court of Nacogdoches County, Texas, in trespass to try title to 434 acres of land, part of the Jose de los Santos Coy Grant of land in said Nacogdoches County. This suit remained on the docket of the court until September 14, 1925, when judgment was rendered in favor of Mrs. Jemison for the land against the defendant Shipp. Defendants Masterson and Simpson were dismissed from the suit. This judgment was not appealed. Prior to this judgment, on August 22, 1919, Mrs. Jemison had conveyed the land to L. B. Mast, and on October 13, 1916, J. C. Shipp conveyed a portion of the land to D. M. McDuffie, and on August 7, 1919, conveyed the remainder of the tract to McDuffie.

At the September term of the District Court for Nacogdoches County 1937, there was pending a suit entitled J. C. Shipp v. Mrs. Louisia Jemison, No. 7994, wherein said Shipp was suing to set aside the judgment rendered against him and in favor of Mrs. Jemison for the land, on September 14, 1925, and the case be restored to the docket for trial. On September 13, 1937, of said term, this case was called, and both parties appeared and announced that a settlement of the matters involved had been reached by the parties, and asked that an agreed judgment disposing of the case (No. 2889) be entered. This was done and the judgment of September 14, 1925, wherein the land was decreed to Mrs. Jemison against Shipp, was set aside and annulled, and the cause, Jemison v. Shipp, H. Masterson and A. V. Simpson (No. 2889) was dismissed. The agreed judgment was duly signed by the plaintiff J. C. Shipp and his attorneys, and Mrs. Jemison and her attorneys, and was approved by the court and ordered entered of record in the minutes of the court.

On September 15, 1937, in this cause (No. 7994) appellant L. B. Mast filed motion to set aside the agreed judgment entered on September 13, 1937, and that he be permitted to intervene and litigate his claimed interest in the land, the subject matter of the suit. J. C. Shipp, plaintiff in cause No. 7994, filed motion to dismiss the plea of intervention, on the ground that same came too late, all matters involved in the suit between the original parties having been litigated and settled and judgment entered completely disposing of the case prior to the filing of the plea of intervention, so that nothing remained to be determined. This motion was sus-

tained and the motion to set aside the judgment denied, and permission to appellant to intervene was refused. From that order this appeal was taken.

The record is clear that the original parties to the suit had agreed upon a settlement of their dispute, and that the agreed judgment had been approved by the court, and entered and the suit dismissed before appellant filed his motion for permission to intervene. This being true, under all the decisions the plea came too late. 47 C.J. Sec. 211, page 110; 20 R.C.L. Sec. 27, page 688; 32 Tex.Jur. Sec. 35, page 59; Lambie v. Wibert, Tex.Civ.App., 31 S.W. 225; Pinkard v. Willis, 24 Tex.Civ.App. 69, 57 S.W. 891, writ refused; Hugh Cooper Co. v. American Nat. Exchange Bank, Tex. Civ.App., 30 S.W.2d 364; Jones v. Bass, Tex.Com.App., 49 S.W.2d 723.

The judgment is affirmed.