# SUPREME COURT

AT THE

JANUARY TERM, 1874, HELD IN VIRGINIA CITY.

Present:

HON. DECIUS S. WADE, CHIEF JUSTICE.
HON. HIRAM KNOWLES, } JUSTICES.
HON. FRANCIS G. SERVIS,

DRIGGS, respondent, *v.* HARRINGTON, appellant.

STATUTORY CONSTRUCTION — *demand by officer for redelivery of attached property.* The amendment to the one hundred and thirty-seventh section of the Civil Practice Act, approved January 15, 1869, prescribes the following conditions of an undertaking for the release of attached property by the officer, which "the sheriff shall require:" "That, in case the plaintiff recover judgment in the action, defendant will, on demand, redeliver such attached property so released to the proper officer, to be applied to the payment of the judgment." *Held,* that the officer, to whom the undertaking is given, is the proper person to make the demand for the redelivery of the property.

ATTACHMENT UNDERTAKING — *liability of sureties — useless demand.* The sureties upon an undertaking, which has been executed to the sheriff in pursuance of the said amendment, are not released from their liability by the failure of the officer, or any party, to make a demand upon the defendants in the attachment suit for the redelivery of the property, if the acts of said defendants have rendered useless such a demand.

SAME — *case stated when demand is excused.*  In an action brought against the sureties upon a statutory undertaking for the redelivery of attached property, no demand is required for the redelivery of the property, which has been released, when the property has been removed from the Territory by the defendant in the attachment suit, and said defendant is insolvent and has left the Territory, and has no place of residence or business therein, and the sureties have been notified that the judgment, which was obtained in the attachment suit, remains unpaid.

## Appeal from First District, Madison County.

WILLIAMS sued Stevens and Trivett, December 12, 1870, to recover wages for services rendered.  A writ of attachment was issued and the sheriff levied upon some gold retort as the property of Stevens and Trivett.  Stevens applied to the sheriff for the release of the property May 9, 1871, and presented an undertaking that was signed by Stevens, as principal, and the appellants, as sureties.  The officer approved the undertaking and delivered the retort to Stevens.  Williams recovered a judgment against Stevens and Trivett, and assigned the same to the respondent, after the property had been released.  The respondent commenced this action upon the undertaking against the sureties, who demurred to the complaint.  SERVIS, J., overruled the demurrer and rendered judgment against the sureties.

S. WORD, for appellants.

The liability of appellants must be fixed before they can be sued in this action.  A demand should have been made upon Stevens for the redelivery of the property before respondent commenced this suit.  *People* v. *Buster*, 11 Cal. 215; *Kinkead* v. *Shreve*, 17 id. 275.  The suit is not such a demand.  The demand is a condition precedent to the liability of the appellants, who were sureties.

The sureties stand upon the terms of their written undertaking.  The court cannot make appellants liable, if their contract does not do so.  There are no equities against sureties.  *Bank of Steubenville* v. *Admrs. Carroll*, 5 Ohio, 207; *State* v. *Crooks*, 7 id. 573; *McGovney* v. *State*, 20 id. 97; *Hall* v. *Williamson, Admr.*, 9 Ohio St. 17; *Miller* v. *Stewart*, 9 Wheat. 702; *U. S.* v. *Boyd*, 15 Pet. 208; *Evans* v. *Bradley*, 17 Wend. 422.

There is no ambiguity in the contract. The law means what it says. The court cannot go outside of the language of the law for an interpretation that will charge the appellants.

Stevens remained in the Territory six months after the judgment was rendered for Williams, during which time a regular term of the district court intervened. No demand was ever made. The demand should have been made as soon as the judgment was entered. The complaint fails to show that a demand could not have been made before suit. The allegation of insolvency does not excuse the demand.

Appellants never waived their rights to have this demand made. The facts alleged in the complaint cannot affect the rights of sureties.

J. E. CALLAWAY and H. N. BLAKE, for respondent.

The facts set forth in the complaint make the demand immaterial. If these facts do not excuse the demand, the statute gives debtors the means of escaping from their creditors, and leaves creditors without a remedy. The law must receive a reasonable construction.

The sheriff is the " proper officer " to make the demand. He cannot act outside of Madison county. Respondent demanded of appellants payment of the judgment before commencing this suit. This was a sufficient notification that Stevens had not redelivered the property.

Appellants must look to officer, if they have been injured by his failure to make the demand. Drake on Attach., § 314; *Cook* v. *Boyd,* 16 B. Monr. 556.

In Massachusetts a demand is not necessary if the holder of the property is not in the State. *Mason* v. *Briggs,* 16 Mass. 453.

The commencement of the suit is a sufficient demand. *Halleck* v. *Moss,* 22 Cal. 266. Demand need not be made, if rendered nugatory by Stevens in leaving the Territory. *Webster* v. *Coffin,* 14 Mass. 196; *Gray* v. *Dougherty,* 25 Cal. 280.

Appellants knew all the facts, and that they must pay the judgment if the property was not returned. *Garretson* v. *Reeder,* 23 Iowa, 24. The substantial rights of appellants are not affected. Stevens cannot deliver the property if demanded.

Under similar statutes appellants have been held liable, although no demand had been made, and some requirement of the statute had not been complied with.  *Weed* v. *Dills*, 34 Mo. 483;  *Webster* v. *Coffin*, 14 Mass. 196;  *Garretson* v. *Reeder*, 23 Iowa, 21;  *McMillan* v. *Dana*, 18 Cal. 339.

WADE, C. J.   This is an action brought against the sureties upon a statutory undertaking given to release attached property in pursuance of section 2 of an act (Laws of 1869, p. 67), which provides,  " Before releasing such attached property as aforesaid to· the defendant, the sheriff shall require an undertaking, executed by the defendant and at least two sureties, residents and freeholders, or householders, in the county, to the effect that, in case the plaintiff recover judgment in the action, defendant will, on demand, redeliver such attached property so released to the proper officer, to be applied to the payment of the judgment, and that, in default thereof, the defendant and sureties will pay to the plaintiff the full value of the property so released."

The plaintiff in the attachment case recovered a judgment, and this suit is brought by the assignor of such plaintiff, but no demand was made by the plaintiff, or by the proper officer, upon the defendants in the attachment ·suit to redeliver the released property before the commencement of this action, and this failure to make demand, it is contended, releases the. sureties, these defendants, from the obligations of their undertaking.

It is averred in the complaint, and admitted by the defendants, that the property attached was gold retort, and that immediately after it was released, by giving the undertaking sued on, it was taken out of the Territory and placed beyond the jurisdiction of the court; that before this action was brought, the defendants in the attachment suit had left the Territory, and had no place of residence or business place therein; that they were insolvent, and that these defendants were notified that said judgment had not been paid.

Under this state of facts no demand was necessary.   The demand contemplated by the statute for the redelivery of the property should have been made by the sheriff or other proper officer.   The sheriff receives the undertaking, and he should de-

mand the redelivery of the property. But the sheriff can make no demand out of his county, and especially not out of the Territory, and as the property and the principals for whose benefit this undertaking was given were not in the Territory at the time this action was brought, and had no residence or place of business therein, no demand upon them could have been made by the sheriff. But if they had been in the Territory, and within the jurisdiction of the officer, and he had failed in his duty to make demand to the damage or injury of the sureties, they would have their remedy against such officer, but their liability upon the undertaking would not be released. The sureties were notified that the judgment was not paid. In that event, they had promised that the property should be redelivered, and it was for them to cause the officer to make demand for such redelivery. But the demand could not be made because the principals had left the Territory, and had taken with them the attached property by the action of these defendants in executing this undertaking.

The law does not require a vain, nugatory or impossible act, and to hold that a demand was necessary in order to fix the liability of sureties upon an undertaking, under such circumstances as these, would entirely destroy the security of such undertaking, for it would enable the defendant in every attachment case to obtain possession of the attached property by virtue of the undertaking, and would also enable him to make such undertaking void and good for nothing, by simply keeping out of the way of a demand.

Sureties, although they have the right to stand upon the letter of their contract, cannot make such contract the instrument for perpetrating fraud, in order to be released from its obligations.

No man shall take advantage of his own wrong, and to release these sureties would enable them to do this, if they felt so disposed, for if a personal demand is in all cases necessary, there is nothing to prevent sureties from conniving with their principals to the end that they and their property are placed beyond the reach of the plaintiff, and then, because no demand can be made, the sureties are released, when, in truth, the sureties may have been the means of rendering a demand impossible.

The judgment is affirmed.

*Judgment affirmed.*