DEMERS, respondent, *v.* CLEMENS, appellant.

DEFENSE. It is a good defense, in an action on a replevin bond, to recover the value of property replevied in default of its return, to show that the plaintiff had taken such property into his possession by other process prior to judgment in the replevin suit. A plaintiff cannot have the property and a judgment against the sureties for its value at the same time.

*Appeal from Second District, Missoula County.*

W. J. McCORMICK and W. J. STEPHENS, for appellants.

The answer was relevant and sufficient, and the demurrer should have been overruled. *Caldwell* v. *Gans*, 1 Mon. 576.

A. E. MAYHEW, for respondent.

The defendants were bound absolutely by the recitals in the undertaking. Being given under the statute, the law imports a good consideration besides the retention of the property. The defense might have been good if interposed in the replevin suit; but defendants cannot avail themselves of it in an action on the undertaking. The judgment in the replevin suit is *res adjudicata* as to all such matters. *Lomme* v. *Sweeney*, 1 Mon. 584.

WADE, C. J. This is an action upon an undertaking executed by defendants in a suit by plaintiff against one Harding, upon claim and delivery of personal property under the statute. There was a judgment for the plaintiff for a return of the property, or for $324.90, its value, in case a return could not be had. The property was not returned, and execution for its value was not satisfied.

The defendants, in their answer, as a defense, allege that after the execution of the undertaking sued on, and prior to the judgment for plaintiff in the action for claim and delivery, plaintiff commenced an action in a justice's court in Frenchtown, Missoula county, on a demand arising upon contract for $99, and recovered a judgment thereon; that, by virtue of an attachment and execution, the plaintiff took from the defendants' possession all the property described in plaintiff's complaint herein, except 480 bushels of wheat, and never returned the same. Also, that

the plaintiff took and carried away from the defendants' possession said 480 bushels of wheat.

There was a demurrer to the answer, which was sustained, and, the defendants electing to abide by their answer, judgment was rendered for plaintiff for $324.90 and interest.

The defendants seem to have held the property as security for having signed the undertaking for its return, if return should be adjudged.

But the plaintiff by his own act, and without the aid of legal process, as to a large portion of the property, takes and carries it away from the defendants' possession, and thereby makes a return thereof by the defendants impossible. But the purposes of the undertaking having been fulfilled, and the plaintiff, having taken the property into his own possession, cannot now sue and recover a judgment against the sureties on the undertaking, because they have failed to return the property. The plaintiff cannot have the property and a judgment against the sureties for its value.

This case comes within the principle decided by this court in the case of *Caldwell* v. *Gans,* 1 Mon. 570, to which we refer for a further discussion of the question. The answer contained a good defense to the action, and the demurrer should have been overruled.

*Judgment reversed and cause remanded.*