## In re MARTIN.

(District Court, W. D. New York. November 30, 1900.)

### No. 176.

BANKRUPTCY—ACTION IN STATE COURT—STAY—SURETY FOR DEBT—EFFECT OF DISCHARGE OF DEBTOR.

In an action for a debt the debtor denied the debt, and subsequently, as a condition of obtaining a continuance, gave an undertaking with a surety, conditioned to pay the amount of any judgment recovered in case the debtor in any way disposed of his property so that an execution should be returned unsatisfied. Before the adjourned day of trial the debtor petitioned to be adjudged bankrupt, and in his schedule admitted the debt at the amount claimed. *Held*, that it was not essential to the creditor's remedy against the surety in the state court that he should have an execution against the debtor returned unsatisfied, as a discharge of the bankrupt would have the same effect, and therefore it was unnecessary to pursue his action in the state court to judgment.

In Bankruptcy. On motion to stay an action against the bankrupt in the state court.

E. A. Griffith, for petitioner.

A. L. Gardner, for creditor Perry V. Nichols.

HAZEL, District Judge. An action was commenced before a justice of the peace by Perry Nichols against the bankrupt to recover $86.99 on the 24th day of August, 1900. Issue was joined on the return day of the summons, the bankrupt denying the indebtedness. Subsequently, as a condition of further adjournment of trial, an undertaking has been filed on behalf of defendant that the plaintiff recovers judgment in the action, and if plaintiff becomes entitled to an execution upon the judgment, the defendant removes, secretes, assigns, or in any way disposes of his property liable to levy and sale by virtue of an execution, and if execution upon the judgment is returned wholly or partly unsatisfied, the surety undertakes upon demand to pay to the plaintiff the sum due upon the judgment. Before the action pending before the justice came to trial, the defendant in the action on his own petition was adjudicated bankrupt. A temporary order on the bankrupt's application was granted by the referee in bankruptcy enjoining the plaintiff from taking any further proceedings in the pending suit. The matter comes before me on a return of an order to show cause why the suit should not be further stayed, and why plaintiff should not be prevented from continuing his suit to judgment. The debt sought to be recovered by the plaintiff is dischargeable in bankruptcy. The schedule of liabilities of the bankrupt contains the Nichols claim, and admits the indebtedness as claimed

105 F.—48

by the plaintiff. This admission renders unnecessary further procedure in the action because of a dispute regarding the amount claimed to be owing from the bankrupt to the plaintiff. The question, therefore, presented here is whether the plaintiff in the suit pending before the justice of the peace is liable to lose his claim against the surety on the undertaking given as a condition of postponement of trial if the stay is continued, and the plaintiff is not permitted to proceed to judgment and execution, as provided by the undertaking. Is it essential that the plaintiff proceed to judgment, and exhaust his remedy in the manner specially pointed out by the undertaking? I am clearly of the opinion that it is not necessary. The plaintiff, by the restraining order of the bankruptcy court, is prevented from proceeding to judgment and execution in the pending suit before the justice of the peace by the paramount authority of the bankruptcy court. This court has power to stay pending suits founded upon a claim for which a discharge would be a release. The performance of the conditions imposed on the plaintiff in the suit by virtue of the stay becomes impossible, and the discharge of the bankrupt from his debts has the same effect as the return of an execution wholly or partly unsatisfied. Shellington v. Howland, 53 N. Y. 374, and cases cited; People v. Bartlett, 3 Hill, 570. The plaintiff must prove his claim in bankruptcy, and apply on the debt in reduction of the amount any dividends declared. The surety on the undertaking may only be held to pay whatever sum remains owing after the payment of dividends. For these reasons the suit pending before E. J. Gardner, justice of the peace, wherein Perry Nichols is plaintiff and the bankrupt is defendant, is stayed, and further proceedings are enjoined until 12 months after the date of the adjudication, or, if within that time the bankrupt applies for a discharge, then until the question of such discharge is determined.