NATIONAL BANK OF MONTANA, APPELLANT, v. FIRST
NATIONAL BANK OF POPLAR, RESPONDENT.

(No. 5,455.)

(Submitted May 1, 1924. Decided July 12, 1924.)

[228 Pac. 80.]

*Attachment—"Release"—"Discharge"—Distinction.*

Attachment—Court may Discharge Writ Though Levy Theretofore Released by Plaintiff.
   1. In an action against a national bank plaintiff caused a writ of attachment to be issued; defendant moved to discharge the writ on the ground that under section 9834, United States Compiled Statutes, an attachment could not issue before judgment against a national bank, and after the plaintiff had released the attachment the court discharged it. *Held*, that release of the attachment by the party who caused it to be levied did not deprive the court of authority to discharge it.

Same—"Release" and "Discharge" Distinguished.
   2. The "release" of an attachment authorized under the attachment statute refers exclusively to the levy of the writ, involves a ministerial duty on the part of the officer directed to make the release, and may be ordered by the party who caused the levy to be made; whereas its "discharge" refers to the writ itself, involves a judicial function and one the party securing the writ cannot perform himself nor procure to have it performed by an officer for him.

Same—Nature of Proceeding—Effect of Release of Levy.
   3. Attachment is a distinct proceeding ancillary to the action in which it is employed, and the release of the levy as distinguished from a discharge of the writ, does not affect the proceeding itself, but leaves it intact, and an *alias* writ may issue thereafter without an additional affidavit or undertaking.

*Appeal from District Court, Lewis and Clark County; W. H. Poorman, Judge.*

ACTION by the National Bank of Montana against the First National Bank of Poplar. From order discharging an attachment, plaintiff appeals. Affirmed.

*Mr. C. A. Spaulding,* for Appellant, submitted a brief and argued the cause orally.

Conceding *arguendo* that the attachment in the case at bar was issued in contravention of section 9834, United States Compiled Statutes, it is the contention of appellant that the

lower court was without authority to make the order of October 2, 1923, dissolving the same and vacating and setting aside the levy made thereunder. This is so because prior to the making of the order appellant had voluntarily released the levy made under the writ; had additionally presented to the lower court evidence that such release had been made effective, and had also completely released and discharged the attachment by filing with the clerk of court in said cause a praecipe stating that "the attachment * * * is hereby released," and additionally had had returned and filed with the clerk the writ of attachment issued therein. This, it is submitted, left nothing for the lower court to act upon.

The authorities cited below principally relate to actions in which the attachment was released by the giving of a bond. They are in point here, however, because they demonstrate the effect of a release of an attachment levy upon the writ and the attachment proceeding. They uniformly hold that such release operates to destroy the writ and discharge the attachment. It is manifest that no legal distinction exists between the release of an attachment by the giving of a bond, and a voluntary release by the plaintiff in the action. One has no more far-reaching effect than the other. The release by giving bond having the effect of destroying the writ as well as releasing the property attached, so that a motion will not thereafter lie to discharge the attachment, assuredly it follows that a voluntary release, accompanied by the fact that the writ has passed out of existence, accomplishes the same result. Furthermore, the writ here had passed out of control of the lower court when its order of October 2, 1923, was made, by virtue of its return and filing with the clerk. The lower court might perhaps have ordered that no further writ of attachment issue in this action, but it is submitted that this was the extent of its authority in the premises. (*Smith* v. *Robinson*, 64 Cal. 387, 1 Pac. 353; *Wyman* v. *Hallock*, 4 S. D. 469. 57 N. W. 197; *Fox* v. *MacKenzie*, 1 N. D. 298, 47 N. W. 386; *Thomas* v. *Craig*, 60 Minn. 501, 62 N. W. 1133; *McCombs* v. *Allen*, 82 N. Y.

114; *Hill* v. *Harding*, 93 Ill. 77; *Brady* v. *Onffroy*, 37 Wash. 482, 79 Pac. 1004; *Leusch* v. *Nickel*, 16 N. M. 28, 113 Pac. 595; *Larsen* v. *Richards*, 43 Utah, 196, 134 Pac. 583; *Risdon Iron & Locomotive Wks.* v. *Citizens' Traction Co.*, 122 Cal. 94, 68 Am. St. Rep. 25, 54 Pac. 529.)

*Mr. Frank Catlin* and *Messrs. Norris, Hurd & Rhoades*, for Respondent, submitted a brief; *Mr. W. B. Rhoades* argued the cause orally.

That the action of the court, in discharging the attachment, was correct seems apparent from the plain provisions of our Code dealing with exactly such cases as this. (Sec. 9282, Rev. Codes 1921.) The whole difficulty with which appellant contends is a failure to properly distinguish between a discharge or dissolution of an attachment, and a release of certain specified property from a levy under an attachment. That there is a marked distinction between the two appears from a casual reading of the statutes relating to attachment proceedings.) (See secs. 9279, 9280, 9282, 9287.)

This obvious distinction is pointed out by the supreme court of California in the case of *Smith* v. *Robinson*, 64 Cal. 387, 1 Pac. 353, cited by appellant. In that case the court said: "The Code provides for a discharge of a writ of attachment by order of the court, on the ground that the same was improperly or irregularly issued. But there is nothing to indicate an intention to preclude an attaching creditor from voluntarily releasing property attached." Section 556 of the California Code of Civil Procedure is identical with our section 9282.

It is uniformly held that plaintiff in attachment has the right to release property from a levy, without an order of court. (6 C. J. 275; *Smith* v. *Robinson, supra*); but it is likewise uniformly held that in order that the effect of the attachment may be entirely avoided it is necessary that the writ be dissolved, vacated or quashed by proper proceedings in court looking to that end. (6 C. J. 421.)

The undertaking for the issuance of a writ of attachment provides that "if the court shall finally decide that plaintiff was not entitled to an attachment, the plaintiff will pay all costs that may be awarded to the defendants, and all damages he may sustain by reason of the issuing out of the attachment." Such an undertaking presupposes an order or judgment of the court and not a mere voluntary release by the plaintiff. Such an undertaking prescribes certain penalties for the issuance of the writ, not necessarily the levy thereof, for under section 9282 a motion to discharge lies whether there is a levy or not. To lay the foundation for the recovery of such penalties the defendant is entitled to have a judicial determination that plaintiff was not entitled to an attachment. (*Corn Exchange Bank* v. *Bossio,* 8 App. Div. 306, 40 N. Y. Supp. 994.) A voluntary release of levy might mitigate damages in an action for a wrongful attachment, but clearly not for the wrongful issuance of an attachment. The distinction between the two is pointed out in the case of *Plymouth Gold Min. Co.* v. *United States F. & G. Co.,* 35 Mont. 23, 10 Ann. Cas. 951, 88 Pac. 565; and see *O'Brien* v. *Quinn,* 35 Mont. 441, 90 Pac. 166; *Hayes* v. *Union Merc. Co.,* 27 Mont. 264, 70 Pac. 975.

Upon a dissolution under section 9282 defendant is entitled to attorney's fees as a part of his damages. (*Plymouth Gold Min. Co.* v. *United States F. & G. Co., supra.*) But such damages would not be recoverable for a wrongful levy. Clearly, then, defendant is entitled to a judicial determination herein that the attachment was wrongfully issued, in order that it may lay a proper foundation for the recovery of its damages.

It logically follows from the argument above that a release affects the levy and not the issuance of the writ. By a release the utmost that could be said is that the levy was wrongful. A discharge is tantamount to a declaration that the issuance was wrongful.

The distinction between a release from levy and a discharge upon motion is aptly pointed out in a case cited by appellant. (*Fox* v. *MacKenzie*, 1 N. D. 298, 47 N. W. 386.)

The cases cited by appellant all deal with cases where a forthcoming bond had been given by defendant. All are distinguishable from the present case.

MR. JUSTICE COOPER delivered the opinion of the court.

The plaintiff commenced this action in the county of Lewis and Clark upon a promissory note in the sum of $11,674, signed "The First National Bank, Poplar, Montana, Otto Ramstad, Cashier."

The allegations of the amended complaint are that plaintiff and defendant are both national banking corporations, doing business under the banking laws of the United States, and that the note was executed and delivered by defendant to the plaintiff. On the day the original complaint was filed there was also filed an affidavit for attachment, sworn to by the vice-president of the plaintiff bank, and a writ of attachment, which commanded the sheriff of Roosevelt county to attach and safely keep enough of the defendant's property within that county to satisfy plaintiff's demand. The return of the sheriff recites that he received the writ on December 18, 1922, and personally served it by delivering a copy thereof to J. C. Dwyer, the county clerk of Roosevelt county, and levying upon and attaching the real property described therein.

The defendant appeared by answer, and, after the plaintiff had filed its reply thereto, it moved the court to discharge the attachment and to set aside and annul the levy, upon the ground that the attachment was irregularly and improperly issued, in that, under the provisions of section 9834 of the United States Compiled Statutes of 1916, no attachment could issue from a state court before judgment, against a national bank or its property, and that the levy was void.

Thereafter, before defendant's motion was decided, plaintiff's counsel filed in the office of the clerk of the district court

a paper designated ''Release of Attachment,'' which directed the clerk to make such entries upon the record of the court as would ''disclose that such release was made'' as of August 16, 1923. On August 14 counsel for plaintiff transmitted to the sheriff of Roosevelt county an ''order to release'' the attachment upon the property of the defendant. On September 28, 1923, there was filed in the office of the clerk of the court a communication, dated August 14, 1923, addressed to C. A. Spaulding, plaintiff's attorney, at Helena, Montana, by the county clerk of Roosevelt county, which reads:

''In the case of National Bank of Montana *v.* First National Bank of Poplar of an attachment, a release of said attachment has been filed and put on record in this office on the 11th day of September, 1923. I am sending notice of the release to you upon the recommendation of the sheriff's office.

''Yours respectfully,

''W. J. HARDIE, C. & R.''

October 22 the district court sustained defendant's motion to discharge the attachment and set aside the levy on the defendant's property. From this order plaintiff appeals.

Counsel for plaintiff concedes that the attachment was issued in contravention of the federal statute forbidding the attachment of the property of national banks under process from the state courts before final judgment. But he insists that a discharge of the attachment was completely effected by its voluntary release, and that nothing was left upon which a judicial order could operate. To sustain his position numerous decisions are referred to. But they are not at all in point upon the question presented in the instant case, and therefore we shall not occupy space in discussing them.

Webster defines the word, ''discharge,'' as follows: ''To [1] set aside, annul, dismiss.'' Release: ''To let loose, to set at liberty, to let go.'' The release by the sheriff is a ministerial act. The discharge of the attachment is the result of action by the court. The party instigating the attachment proceedings may give the sheriff directions to release the levy.

Section 9282, Revised Codes of 1921, reads: "The defendant may also at any time, either before or after the release of the attached property, or before any attachment shall have been actually levied, apply on motion, upon reasonable notice to the plaintiff, to the court in which the action is brought, or to a judge thereof, that the writ of attachment be discharged on the ground that the same was improperly or irregularly issued."

Section 9284 provides that the writ of attachment may be discharged when it appears to the court to have been improperly or irregularly issued.

An attachment of real estate in the manner prescribed by law creates a lien upon the estate. Attachment statutes are for the benefit of creditors. The lien may be released by the party originating it.

But the defendant here availed himself of the right given by section 9282 and interposed a motion to discharge the attachment. Plaintiff's direction to release the levy was tantamount to an admission that defendant's motion to discharge the writ was well taken.

Upon all the conditions it was the duty of the court to rule upon defendant's motion. In sustaining it no error was committed.

The order appealed from is affirmed.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE STARK: We concur in the foregoing; also in the observations of MR. JUSTICE HOLLOWAY.

MR. JUSTICE HOLLOWAY: I concur in the result. The meaning of some expressions found in our attachment statute (secs. 9256–9300, Rev. Codes) is not very plain, but, considered in its entirety as reflecting upon the question here involved the statute, in my opinion, employs the terms "release" and "discharge" to express independent and unrelated ideas,

though the distinction has not been observed at all times, even by this court.

The word "release" refers exclusively to the levy, and **[2, 3]** signifies to let go; to give up the property seized. The release of an attachment involves a ministerial duty only, and may be ordered by the party who caused the levy to be made. Attachment is a distinct proceeding ancillary to the action in which it is employed. (*Duluth Brewing & Malting Co.* v. *Allen,* 51 Mont. 89, 149 Pac. 494), and the release of the levy does not affect it. The attachment proceeding still remains intact, and an *alias* writ may be secured without an additional affidavit or undertaking. (Sec. 9275.)

The term "discharge" refers exclusively to the writ itself, and the discharge of an attachment involves a determination that the writ should not have been issued. When the discharge is effected, the entire ancillary proceeding is at an end. The determination that the writ should not have issued is a judicial function—one which the party securing the writ cannot perform himself, nor can he procure it to be performed by officers who act merely ministerially.

Section 9282 makes reasonably plain the distinction between the terms.

Nothing which the plaintiff did in this action could deprive the court of its authority to pass upon the defendant's motion to discharge, and, since it is manifest that the writ should not have issued, it was properly discharged. (Sec. 9284, Rev. Codes.)

MR. JUSTICE GALEN: I concur in what is said by MR. JUSTICE HOLLOWAY.