PUE, RESPONDENT, *v.* WHEELER ET AL., APPELLANTS.

(No. 6,015.)

(Submitted January 6, 1927.  Decided March 19, 1927.)

[255 Pac. 1043.]

*Sureties — Attachment — Action on Undertaking for Release — Bankruptcy of Debtor — Complaint — Insufficiency — Demand for Redelivery of Property — When Unnecessary — Pleading and Practice.*

Pleading and Practice—Ambiguous Complaint—Answer After Demurrer Sustained Waives Defect.
1.  Where defendant answers after his demurrer to the complaint interposed on the ground that the pleading is uncertain, ambiguous and unintelligible is overruled, he waives the objection and it may not be considered on appeal.

Sureties—Undertaking for Release of Attached Property—Debtor Adjudged Bankrupt—Release of Surety from Liability—Defense—Insolvency of Debtor must be Pleaded.
2.  Sureties on an undertaking for the release of attached property who base their claim of nonliability on the provisions of section 67f of the Federal Bankrupt Act of 1898, which provides that attachments or other liens obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void, *etc.* (applicable to voluntary as well as involuntary petitions in bankruptcy), must allege and prove that the bankrupt was insolvent at the time of the attachment; in the absence of such allegation and proof, the defense fails.

Appeal—Supreme Court Decisions—*Obiter Dicta.*
3.  An issue not involved in the decision of a supreme court is not decided, no matter how comprehensive and all-inclusive the language used in it may appear to be.

---

3.  See 7 R. C. L. 1003.

[78 Mont. 516.]

Sureties—Undertaking for Release of Property from Attachment—Effect of Release on Right to Reattach.
4.　An undertaking given for the release of property from attachment takes the place of the property, which is thereupon freed from the lien and subject to other levy or attachment by any person whomsoever, including the person at whose instance the first attachment was levied.

Same—What Insufficient to Exonerate Sureties on Undertaking for Release of Attached Property.
5.　Sureties on an undertaking to secure release of property from attachment were not exonerated from their obligation by subsequent levy and sale of a small part of the released property at the instance of the attaching creditor under execution on a prior judgment held by him, where more than enough of the property remained to satisfy the judgment in the attachment suit; and if all of the released property had been sold under execution, the sureties were not exonerated unless the property so sold was the identical property attached and released.

Same—Undertaking for Release of Attachment—Irregularities as to Form, *etc.*, Insufficient to Affect Validity.
6.　Irregularities of procedure in furnishing an undertaking for the release of attached property, such as that it was not in the form provided by statute and was not filed with the clerk of the court, do not invalidate it.

Same—Release of Property from Attachment—Undertaking—Consideration—Sufficiency.
7.　Where an undertaking for the release of property from attachment recited that it was given for the release and discharge of the attachment and the record showed that the property was released, there was a consideration for the undertaking, and the fact that there was no proof that an order of discharge had been made was of no moment; if "discharge" had been named as the only consideration, and it appeared that the property had been returned to the debtor defendant, the law would presume that the necessary court order to that end had been made.

Same—Undertaking for Release of Attachment—What not a Defense to Action Against Sureties.
8.　An offer by the attaching creditor of a perpetual stay of execution in the attachment suit made to the debtor on condition that the former have the right to proceed against the sureties on their undertaking for the release of the attachment said to have been accepted, *held* not a defense in an action against the sureties on their undertaking.

Same — Release of Attachment — Action on Undertaking — Complaint — When Plaintiff not Required to Allege Issuance of Execution Against Debtor or Demand upon Sureties.
9.　Where a judgment debtor was insolvent and had left the state, plaintiff in an action against the sureties on their undertaking given to secure the release of his attached property was not required to show that an execution was issued against the debtor, his discharge in bank-

4.　See 2 R. C. L. 868.
6.　See 2 R. C. L. 886.

ruptcy rendering issuance of execution unnecessary, nor, under the circumstances of the case, was it incumbent upon him to make demand upon defendants for redelivery of the property.

Same—Ownership of Judgment Against Debtor—Proof—Sufficiency.

10.  Since an attachment cannot, but a judgment may, be owned, the statement of plaintiff in an action of the nature of the above on the witness-stand that he was the owner of the "attachment," meaning "judgment," as evidenced by his later testimony, *held* not susceptible to the charge that thereby he failed to prove ownership of the judgment against the debtor.

---

[1]  Pleading, 31 Cyc., p. 747, n. 32.
[2]  Bankruptcy, 7 C. J., sec. 290, p. 195, n. 79, 80, p. 196, n. 81; sec. 292, p. 197, n. 92; sec. 297, p. 200, n. 4 New.
[3]  Courts, 15 C. J., sec. 329, p. 940, n. 60.
[4]  Attachment, 6 C. J., sec. 692, p. 335, n. 73.
[5]  Attachment, 6 C. J., sec. 724, p. 347, n. 71 New.
[6]  Attachment, 6 C. J., sec. 688, p. 332, n. 56, 57.  Evidence, 22 C. J., sec. 69, p. 130, n. 30, p. 133, n. 31.
[7]  Attachment, 6 C. J., sec. 680, p. 329, n. 23 New.  Evidence, 22 C. J., sec. 69, p. 134, n. 34.
[8]  Attachment, 6 C. J. sec. 737, p. 349, n. 11 New.  Contracts, 13 C. J., sec. 111, p. 297, n. 71, p. 298, n. 74 New; sec. 1018, p. 791, n. 74.
[9]  Attachment, 6 C. J., sec. 742, p. 351, n. 26 New.
[10]  Attachment, 6 C. J., sec. 774, p. 358, n. 44 New.

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

ACTION by Galen D. Pue against B. S. Wheeler and M. S. Galasso to recover on an undertaking for the release of property from attachment.  Judgment for plaintiff and defendant appeals.  Judgment affirmed.

*Messrs. Canning & Geagan, Mr. N. A. Rotering* and *Mr. A. C. McDaniel,* for Appellants, submitted a brief; *Mr. P. E. Geagan* and *Mr. McDaniel* argued the cause orally.

Under section 67f of the Bankruptcy Act, a surety on an undertaking to release or discharge an attachment is released from his obligation by the adjudication and discharge of his principal in the bankruptcy proceedings, when the attachment suit is instituted within four months prior to the filing of the petition in bankruptcy. (*Wolf* v. *Stix,* 99 U. S. 1, 25 L. Ed. 309, 313; *Klipstein* v. *Allen-Miles,* 136 Fed. 385; *House* v. *Schnadig,* 235 Ill. 301, 85 N. E. 395; *Crook Horner Co.* v. *Gil-*

*pin,* 112 Md. 1, 136 Am. St. Rep. 376, 28 L. R. A. (n. s.) 233, 75 Atl. 1049; *Casady & Co.* v. *Hartzell,* 171 Iowa, 325, 151 N. W. 97; *Windisch-Muhlhauser B. Co.* v. *Simms,* 129 La. 134, 55 South. 739; *Wise Coal Co.* v. *Columbia Lead etc. Co.,* 123 Mo. App. 249, 100 S. W. 680; *Republic Rubber Co.* v. *Foster,* 95 Conn. 551, 111 Atl. 839; *Cavanaugh* v. *Fenley,* 94 Minn. 505, 110 Am. St. Rep. 382, 103 N. W. 711.)

*Messrs. Maury & Brown,* for Respondent, submitted a brief; *Mr. Brown* argued the cause orally.

The great weight of authority is, that the discharge of the principal in bankruptcy does not release the sureties from their obligations upon attachment bonds, replevin bonds or on bonds on appeal. We do not believe that the case of *Wolf* v. *Stix,* 99 U. S. 1, 25 L. Ed. 309, cited by the appellants, supports their contention, and should it be considered as doing so, that doctrine was overruled and repudiated in the later case of *Hill* v. *Harding,* 130 U. S. 699, 32 L. Ed. 1083, 9 Sup. Ct. Rep. 725.

Section 16 of the Bankruptcy Act is as follows: ''The liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt.'' A great many courts in holding that the sureties are not released under circumstances such as appear in this case content themselves by resting their decision upon this provision of the Bankruptcy Act. Other courts, among them being the supreme court of the United States, hold that whether the sureties on this character of bonds are discharged, rests not upon any provision of the Bankruptcy Act but upon the application of local laws of the state, and upon an examination of the authorities cited by the appellants it will be readily seen that where sureties were released, it was by virtue of some local statute or law of the state.

In speaking of the question as to whether or not a surety on an appeal bond is released by the bankruptcy of his principal, which in principle is the same as the bond in the case at bar, the supreme court of Colorado in *Stone* v. *Hole,* 75 Colo. 115, 223 Pac. 1085, says: "The principal risk against which such bonds are intended as a protection is insolvency. To hold that the very contingency against which they guard shall, if it happen, discharge them, seems to us bad law and worse logic." The same holdings are to be found in *Unit Const. Co.* v. *Foss,* 71 Cal. App. 204, 234 Pac. 903; *Boyd* v. *Agricultural Ins. Co.,* 20 Colo. App. 28, 76 Pac. 986; *Kendrick & Roberts* v. *Warren Bros. Co.,* 110 Md. 47, 72 Atl. 461; *Brown & Brown Coal Co.* v. *Antezak,* 164 Mich. 110, 128 N. W. 776, 130 N. W. 305; *World Policy Co.* v. *Rialto Grain Co.* (Mo.), 83 S. W. 783; *Stull* v. *Beddeo,* 78 Neb. 114, 119, 15 Ann. Cas. 950, 14 L. R. A. (n. s.) 507, 112 N. W. 316; *Butterick Publishing Co.* v. *Bowen,* 33 R. I. 40, 80 Atl. 279; *Osage Oil & Ref. Co.* v. *Dickason-Goodman Lumber Co.,* 108 Okl. 14, 41 A. L. R. 475, 231 Pac. 477.

MR. JUSTICE MYERS delivered the opinion of the court.

Upon motion for rehearing, in this case, the original opinion, heretofore delivered, is withdrawn and the following is substituted as the opinion of the court:

This is an action to recover on an undertaking. January 3, 1922, Galen D. Pue, plaintiff herein, instituted in the district court an action of debt against one H. K. Bushnell and, at the same time, obtained a writ of attachment against the property of Bushnell. The sheriff immediately served the writ by attaching certain personal property of Bushnell. Bushnell, as defendant, then appeared in the action and, the 4th of January, 1922, a written undertaking in the sum of $1,900, for the release of the attached property, was executed by B. S. Wheeler and M. S. Galasso, defendants herein, and was presented to and approved by Pue's attorneys. It was

then given to the sheriff and he released from attachment and restored to Bushnell's possession all of the attached property.

April 6, 1922, Bushnell filed in the United States district court a petition in bankruptcy; the next day, by decree of that court, he was duly decreed and adjudged a bankrupt; June 18, 1923, he was discharged in bankruptcy of all his provable debts.

January 17, 1924, Pue recovered judgment in his action against Bushnell. Later, that judgment was affirmed, on appeal, in this court. None of the attached property was ever returned to the sheriff and no part of the value thereof has been paid to Pue. Pue's judgment against Bushnell is wholly unpaid.

Pue, the plaintiff herein, brought this action against Wheeler and Galasso, defendants herein, to recover of them, on their undertaking, hereinbefore mentioned, the sum of $1,900. His amended complaint recites the foregoing stated facts and alleges the amount of his judgment against Bushnell to be $1,950.70 and that he is still the owner and holder of it; that the value of the attached property was in excess of $1,900; that no execution had been issued against Bushnell because to issue one would have been useless; that demand, without avail, had been made of defendants for delivery of the released property to the sheriff or payment of the amount of their undertaking.

Defendants respectively demurred, generally and specially, to the amended complaint. Their demurrers were overruled. They then put in separate identical answers. Each answer, in substance, pleaded five defenses:

1. The bankruptcy of Bushnell; claiming his adjudication, within four months of the attachment, as a bankrupt, rendered null and void the attachment and relieved defendants of liability on their undertaking for release of the attached property.

2. That, by virtue of an earlier judgment in another action, previously obtained by Pue against Bushnell and still held by

Pue; after the release of the attached property, Pue caused all of the released property to be levied on, under a writ of execution, and sold and thus prevented the return of the released property, to be subjected to the judgment in the attachment suit.

3. That, by virtue of the levy just mentioned, the released property had become repossessed by the sheriff (the official who released the attachment and who made the subsequent levy being the same) and thus the requirement of the undertaking had been fulfilled.

4. A failure of consideration for the undertaking.

5. That, in the attachment suit, Pue had filed in court an offer of perpetual stay of execution against Bushnell, which was accepted by Bushnell.

Plaintiff replied to each answer. The pleadings, as shown by the record, are in bad condition. Plaintiff's reply is most confusing. It undertakes to reply, so it says, to certain affirmative defenses of the answer and then makes no reply to them but apparently proceeds to reply to other portions of the answer. It purports to reply to a fourth affirmative defense, when there is none. However, the reply, even in its confused condition, admits certain allegations of the answer and, at the end, contains a general denial of all allegations of the answer not specifically admitted, which is sufficient to frame issues for the case.

The case was tried with a jury. Defendants objected to the introduction of any evidence in behalf of plaintiff, moved for judgment on the pleadings, moved to dismiss the action; and, when plaintiff rested, moved for judgment of nonsuit; in all they were overruled. The jury returned a verdict in the sum of $1,756.46 for plaintiff. Judgment was rendered accordingly. Defendants moved for a new trial; motion, overruled. Defendants appealed from the judgment and assign twenty specifications of error. Several of them attack the amended complaint. We first consider them.

The demurrers to the amended complaint assign, as grounds of demurrer, that it does not state facts sufficient to constitute a cause of action and that it is uncertain in several particulars; likewise, ambiguous and unintelligible. Objection to introduction of evidence and various motions were substantially to the same effect.

We hold that the amended complaint states a cause of action. That it does is obvious. Objections, raised by demurrer, that the amended complaint is uncertain and ambiguous may not be considered upon appeal. By answering, after being overruled on such objections, taken by demurrer, defendants waived those objections. (*Lynch* v. *Bechtel,* 19 Mont. 548, 48 Pac. 1112.) By analogy, the objection, taken by demurrer, that the amended complaint is unintelligible must likewise fall. Manifestly, though, it is intelligible enough to state a cause of action.

We now take up defendants' first defense, *i. e.,* the claim that Bushnell's adjudication, within four months of the attachment of his property, as a bankrupt, under and by virtue of section 67f of the Federal Bankrupt Act of 1898, rendered null and void the lien of the attachment and relieved defendants of liability on their undertaking, and their specifications of error relating thereto. We consider that the outstanding question of this case.

So much of section 67f, *supra,* as it is necessary to set forth is as follows: "That all levies, judgments, attachments or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void, in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment or other lien shall be deemed wholly discharged and released from the same and shall pass to the trustee, as a part of the estate of the bankrupt."

This applies to voluntary, as well as involuntary, petitions in bankruptcy. (*In re Richards,* 96 Fed. 935; *Cavanaugh* v.

*Fenley,* 94 Minn. 505, 110 Am. St. Rep. 382, 103 N. W. 711; *McKenney* v. *Cheney,* 118 Ga. 387, 45 S. E. 433.)

Counsel for defendants contend that the mere adjudication of Bushnell to be a bankrupt related back to the date of the attachment and nullified the attachment.

In the oral argument of this case, upon appeal, as well as in the briefs then submitted, the question of whether or not it was necessary, to annulment of the attachment lien, for Bushnell to have been insolvent at the time the attachment was made and whether or not, as a defense, it was necessary to plead and prove, in addition to his adjudication as a bankrupt, that he was insolvent at the time of the attachment, was not suggested, raised or discussed. No reference to it was made. No authorities were cited. There was no contention about it, one way or the other. Hence, it was not considered. It is, however, a proper issue under the pleadings and a vital question in this case. Upon motion for rehearing, it is raised and discussed and the court's attention is invited to it.

The great weight of authority, well-nigh uniform, holds that it is essential to annulment of the attachment lien that the party who, within four months of attachment of his property, is adjudged a bankrupt, must, at the time of the attachment, have been insolvent and that, if it is not so alleged and proven, the attachment lien remains valid and undisturbed, so far as the bankruptcy proceedings concern it. (7 C. J. 197; Loveland on Bankruptcy, par. 192c; Collier on Bankruptcy, 3d ed., 434; 2 Remington on Bankruptcy, par. 1460; Brandenberg on Bankruptcy, pars. 870 and 885; *In re Friedman,* 1 Am. Bankr. Rep. 510; *Levor* v. *Seitor* [31 Misc. Rep. 382, 69 N. Y. Supp. 987], 5 Am. Bankr. Rep. 576; *Hardt* v. *Schuylkill,* 8 Am. Bankr. Rep. 481; *Dunn Salmon Co.* v. *Pillmore* [55 Misc. Rep. 546, 106 N. Y. Supp. 88], 19 Am. Bankr. Rep. 172; *Keystone Brewing Co.* v. *Schermer* [241 Pa. 361, 88 Atl. 657], 31 Am. Bankr. Rep. 279; *In re Rhoads,* 98 Fed. 399; *Simpson* v. *Van Etten,* 108 Fed. 199; *In re Chappell,* 113 Fed. 545; *Stone-Ordean-Wells Co.* v. *Mark,* 227 Fed.

975; *Martin* v. *Oliver*, 260 Fed. 89; *In re Ann Arbor Mach. Co.*, 278 Fed. 749; *D. C. Wise Coal Co.* v. *Col. Zinc Co.*, 157 Mo. App. 315, 138 S. W. 67; *Pinkard* v. *Willis*, 24 Tex. Civ. App. 69, 57 S. W. 891; *Danby Millinery Co.* v. *Dogan*, 47 Tex. Civ. App. 323, 105 S. W. 337; *Texas Fidelity & Bonding Co.* v. *First State Bank* (Tex. Civ. App.), 149 S. W. 779; *Jackson* v. *Valley Tie Co.*, 108 Va. 714, 62 S. E. 964; *Newberry Shoe Co.* v. *Collier*, 111 Va. 288, 68 S. E. 974.)

Citation of cases so holding might be greatly extended but it is not necessary to cite more.

Holding to the contrary, only two cases have been found. They are *Cook* v. *Robinson*, 194 Fed. 785, and *Ex parte Chase*, 62 S. C. 353, 38 S. E. 718. The former is the conspicuous case of that character. It was decided by the circuit court of appeals of our own federal circuit, the ninth. It stands almost alone against a long and otherwise almost unbroken line of decisions of state and federal courts. It is sharply criticised by later decisions; *In re Ann Arbor Mach. Co., supra,* and others. As much as we respect the decisions of our circuit court of appeals, we are not willing to follow it against the almost uniform current of authority.

Counsel for defendants, contending it is not necessary that the bankrupt debtor be insolvent at the time of attachment, rely upon *Clark* v. *Larremore*, 188 U. S. 486, 47 L. Ed. 555, 23 Sup. Ct. Rep. 363. However, in the decision of that case, that question was not raised, argued or passed upon. It was not in issue; it was not decided. No reference was made to [3] it. The case turned upon another point. It is a well-known principle of jurisprudence that if an issue is not involved it is not decided, no matter how comprehensive and all-inclusive the language used in a decision may appear to be. The opinion in a later case, *In re Ann Arbor Mach. Co., supra,* refers to the case of *Clark* v. *Larremore, supra,* and denies, as we do, that the opinion in the latter case decides or holds as contended by counsel for defendants.

In the instant case, it is not alleged and no effort was made to prove that Bushnell was insolvent at the time of the attachment of his property. Therefore, in accordance with the established authority, we hold that the attachment lien was not annulled and in nowise was affected by the bankruptcy proceedings. Therefore, the defense that it was fails.

Having disposed of that vital question, we take up specifications of error relating to other defenses.

In the first affirmative defense of the answer, defendants, in one and the same separate defense, plead that, by reason of an execution levy, made subsequent to the attachment and growing out of another action between Pue and Bushnell, Pue prevented the defendants herein from complying with the requirement of their undertaking and that the defendants fulfilled its requirement; two inconsistent defenses, it appears to us. However, we shall consider each.

As to the first of those defenses, *i. e.*, that Pue prevented satisfaction of judgment in the attachment case, the question [4] arises if the giving of the undertaking for release of the attached property freed the property from the attachment lien and rendered it subject to other levies or attachments. If it was rendered subject to other levy or attachment by any person whomsoever, inevitably, it would appear, Pue would have the same right as would anybody else to capture it, after its release. Upon the point of whether or not it was so freed the authorities are divided. Much authority holds that the undertaking to release takes the place of the attached property and that the latter is freed from the lien and, therefore, is subject to other process. (2 R. C. L. 868; Waples on Attachment and Garnishment, 2d ed., secs. 762, 765, 766; *Bunneman* v. *Wagner*, 16 Or. 433, 8 Am. St. Rep. 306, 18 Pac. 841; *Mulally* v. *Townsend*, 119 Cal. 47, 50 Pac. 1066; *Rosenthal* v. *Perkins*, 123 Cal. 240, 55 Pac. 804; *Truax* v. *Title G. & S. Co.*, 94 Wash. 472, 162 Pac. 586.) Other cases could be cited.

Counsel for defendants cite several cases which they claim hold to the contrary, including two Montana cases. (*Caldwell*

v. *Gans*, 1 Mont. 570; *Demers* v. *Clemens*, 2 Mont. 385.)
Those two cases, however, were replevin cases and neither upon
fact nor principle do we consider them analogous to the in-
stant case. Some other cases cited are equally inapplicable.

In the instant case, there is this distinguishing and control-
[5] ling feature. The evidence shows the property attached
to have been worth more than $6,300; the property which later
was sold under execution, if a part of the same property, was
only a small part thereof and sold for only $1,400, and it
was declared to be worth less; that left property worth more
than $4,900; on the judgment upon which execution issued
there was due only some $360; the judgment in the attach-
ment suit was for $1,756.46 and a small amount of costs.
Therefore, even though property, of the value of $1,400 and
a part of that which had been attached, was seized and sold
under execution, there was left $4,900 worth of property, or
more, to satisfy a judgment for $1,756.46 and a small further
sum for costs and defendants herein in nowise were excused
from producing it. Their undertaking required it of them.
We cannot conceive that, because a small part of the prop-
erty, once attached and released (if a part of the same), had
been seized and sold, they were exonerated from their obliga-
tion to return the balance, it being apparently plenty to sat-
isfy the judgment in the attachment suit.

Furthermore, according to the authorities, to be any excuse,
in any event, even though all the released property had been
sold under execution, the property seized and sold must have
been the identical property attached and released. (1 Shinn
on Attachment, 554.) In the instant case, there is some evi-
dence tending to prove that the property seized and sold (so
much as was) was a part of the property which had been at-
tached and released; there is other evidence tending to prove
it was not. There was uncontradicted testimony that the
most of the property which had been attached and released
had been sold and disposed of before the execution levy. To
uphold such defenses, it devolved upon defendants to prove,

by a preponderance of the evidence, to the satisfaction of the jury, that the property sold under levy was, in part, at least, the same as that which had been attached and released and the verdict shows they failed to do it. We must hold there is no merit, upon this appeal, in those defenses; the two fall together.

Defendants plead failure of consideration of their undertaking. They claim the undertaking was not in form pro-

[6] vided by statute; that it was not filed with the clerk of the court. If not good as a statutory undertaking, it is good as a common-law bond, to be measured by the plain wording of its terms. (4 Cyc. 748; *Bunneman* v. *Wagner, supra.*) Irregularities of procedure do not invalidate it. (*Bunneman* v. *Wagner, supra.*) Official regularity is presumed. (*San Francisco Sulphur Co.* v. *Aetna Indemnity Co.,* 11 Cal. App. 695, 106 Pac. 111.)

Counsel for defendants contend the undertaking was given for a "discharge" of the attachment and that there is no

[7] proof of application to the court for an order of discharge and no proof that an order of discharge was made and, therefore, the undertaking is without consideration. There is a difference, in Montana, between "release" and "discharge" of an attachment. (*National Bank of Montana* v. *First National Bank of Poplar,* 71 Mont. 242, 228 Pac. 80.) However, the undertaking in question recites that it is given in consideration both of "release" and "discharge" of the attachment. If either of the acts to be performed were done, there is a consideration. Undeniably, the attachment was "released." Therefore, there is a consideration. However, if "discharge" of the attachment had been named as the only consideration, inasmuch as undeniably the attached property was returned to the debtor defendant, the law would presume that all necessary orders of court to that end had been made. (*Rosenthal* v. *Perkins,* 123 Cal. 240, 55 Pac. 804.) There is no merit in the contention of lack of consideration. Defendants got that for which they executed the undertaking, return to attach-

ment debtor of his property, and they may not complain of lack of consideration.

Defendants plead, as a defense, Pue's written offer of a perpetual stay of execution against Bushnell, in the attach-
[8] ment suit, and Bushnell's acceptance. That offer was made upon condition that Pue have a right to proceed against the sureties for the release of the attachment, Wheeler and Galasso. When it was accepted, it was accepted, manifestly, subject to the condition. Moreover, the written acceptance was filed a year after the offer was filed. Events had intervened which had a material bearing upon the relations of the parties. Before acceptance, the case had been appealed to this court and here the judgment against Bushnell had been affirmed. Conditions were not the same when the offer was made and when it was accepted. A change of circumstances may justly cause an acceptance to be too late. (9 Cyc. 293.) An acceptance is supposed to be made, if at all, within a reasonable time. Whether or not Bushnell's acceptance, if of any validity and if it may have any bearing at all, was made within a reasonable time we think was a question of law for the trial court (9 Cyc. 292) and the court decided it against defendants. We cannot say we think it was wrong in so doing.

Furthermore, Pue, in making his offer of a perpetual stay of execution, did no more than the law does in some jurisdictions, wherein it is held, in connection with the bankruptcy of a judgment debtor, when an attachment has been released by undertaking for release, that judgment may be entered against the defendant, with perpetual stay, but that the sureties on the undertaking are not relieved of liability. (*Tormey* v. *Miller,* 31 Cal. App. 469, 160 Pac. 858; *Rosenthal* v. *Nove,* 175 Mass. 559, 78 Am. St. Rep. 512, 56 N. E. 884; *Pinkard* v. *Willis,* 24 Tex. Civ. App. 69, 57 S. W. 891; *United States Wind Engine & Pump Co.* v. *North Penn. Iron Co.,* 227 Pa. 262, 75 Atl. 1094.) Many like citations might be made. Other jurisdictions hold to the contrary, but in cases holding to the con-

trary it is held bankruptcy proceedings have absolved both judgment debtor and sureties for release of attachment. The jurisdictions holding that a judgment may be entered against the judgment debtor, with perpetual stay, without absolving sureties, hold that the attachment was not annulled by bankruptcy of the debtor. In the attachment suit of Pue against Bushnell, clearly the attachment was not annulled, because, as we have held, Bushnell was not proven insolvent at the time of the attachment. Therefore, the cases which hold judgment against a bankrupt debtor may be entered, with perpetual stay, apply to the attachment suit of Pue against Bushnell. We cannot see what difference it makes to the defendants herein whether the law or the voluntary act of Pue provided a perpetual stay of execution against Bushnell. Upon the whole, we think no error was committed in the rulings of the trial court, with relation to that defense.

Counsel for defendants, in connection with their specifications of error, make numerous other contentions.

They contend an execution must have issued against Bushnell, to hold defendants herein. It was not necessary. [9] Bushnell had left the state and had therein no property. (*Driggs* v. *Harrington,* 2 Mont. 30.) The discharge in bankruptcy rendered unnecessary issuance of execution. (*In re Martin,* 105 Fed. 753; *Rosenthal* v. *Perkins, supra.*)

Counsel for defendants assert no demand was made of defendants for compliance with their undertaking. The wording of the undertaking indicates that it devolved upon the sheriff, not the plaintiff, to make the demand for the redelivery of the property. It is so held in *Driggs* v. *Harrington, supra,* a case analogous to the instant case, and it is there further held that no demand by the sheriff or anybody else was necessary when the judgment defendant was insolvent and out of the territory and the property had been disposed of. Those facts apply in the instant case. The opinion in that case says: "The law does not require a vain, nugatory or impossible act." It is manifest that to have made, in the instant

case, a demand on defendants that they redeliver the attached property or pay the value thereof, not to exceed the amount of Pue's judgment, would have been a vain and useless act. They could not have redelivered the property and they have shown they do not consider themselves liable for any part of its value and will not pay the same unless compelled to do so. *Driggs* v. *Harrington, supra,* further holds that, even had conditions been such that it was proper and appropriate' for the sheriff to make a demand on the sureties and incumbent on him to do so and he had failed to do his duty in that respect, his failure would not have absolved them from their liability, but that, in that event, they could have had recourse on the sheriff for any damage suffered by reason of his failure. That pronouncement of law applies in this case. We hold a demand, in the instant case, was not necessary.

Counsel contend plaintiff failed to prove ownership of his [10] judgment in the attachment suit against Bushnell. The record shows plaintiff testified: "I am the owner and holder of that 'attachment' and I have never sold, transferred or assigned it." Inevitably, he must have meant the judgment. It is plain. An attachment is impossible of ownership, in the sense that a judgment may be owned. An attachment cannot be "sold, transferred or assigned"; a judgment can be. To reverse the judgment in this case and remand it for a new trial, because of that obvious *lapsus linguae,* would be wholly unjustifiable. Moreover, plaintiff later testified the judgment had never been paid, which plainly implied his ownership of it. If he did not own it, he would not have known whether or not it had been paid.

Counsel contend the value of the property attached was not proven. There is evidence that it was worth at least $6,300. That evidence was not disputed.

Counsel complain that, to pay a judgment of some $360, property was seized, under execution, and sold for $1,400 and that Bushnell was paid none of it. There is evidence that a lot of it went to pay labor liens. If the sheriff unlaw-

fully retained or disposed of any of it, he was liable on his bond.

There is nothing to show, as contended, that the verdict is excessive or was given under passion or prejudice. In our opinion, there is sufficient evidence to sustain the judgment.

We have carefully examined other specifications of error and find no merit in any of them. As to specifications with relation to instructions given or refused, we consider the specifications unfounded. The jury was fairly instructed on the law of the case, in accordance with the views of the law expressed in this opinion. We find nothing in the record to warrant reversal of the judgment.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES STARK, MATTHEWS and GALEN concur.

Cause taken to the supreme court of the United States, on writ of error, April 22, 1927.